THOMPSON *v.* FIELDS.

5-2923                                           365 S. W. 2d 862

Opinion delivered March 18, 1963.

[Reheading denied April 15, 1963.]

*Spears & Sloan,* for appellant.

*Rieves & Smith,* By: *Elton A. Rieves III,* for appellee.

PAUL WARD, Associate Justice. Appellant, James Thompson, owns a farm which he rented to appellee, Bill Fields, for the year 1960. The agreed rental was $20 per acre, or a total of $2,320, which amount was evidenced by a note signed by appellee and delivered to appellant.

It is not disputed that appellee took over the land (largely through an employee named James Ward) about the first of 1960, that he put it into cultivation (mostly cotton and soybeans), that he cultivated it until about the middle of July, 1960 when appellant took over the operation by cultivating, harvesting, and marketing the crops. This litigation arises out of a dispute as to whether appellee abandoned the crops and, if not, what accounting, if any, should appellant make to appellee.

On February 14, 1961 appellee filed a complaint in circuit court alleging that appellant "wrongfully assumed control of the entire crops." He asked for the market value of the crops (at the time they were taken

over), less the agreed rental and less certain other items about which there is no dispute.

In answer to the above, appellant admitted taking over the crops, but says he did so after appellee had abandoned the same, and then only to "recoup his loss" which (he says) would have resulted from the failure of appellee to properly cultivate the crops, and from the abandonment. Appellant also alleged that an accurate accounting of his expenses and income showed a deficit of $804.82 for which he asked judgment against appellee.

A jury trial resulted in a verdict against appellant and in favor of appellee in the amount of $3,465.10 for which judgment was rendered. For reasons hereafter set out, we have reached the conclusion the judgment of the trial court must be affirmed.

Since appellant, on appeal, raises no objection to any of the court's instructions or to the admissibility of any testimony or to the size of the verdict, only one question is presented for our consideration. It is: Does the record reflect substantial evidence to support the jury's verdict? In deciding this question we are holding, in view of the size of the verdict, that the jury had to find appellee did not abandon the crops and that appellant wrongfully took them over.

Appellee testified, in substance, that he rented the farm for the year 1960 for $2300, and gave a note to appellant in that amount; that on February 2 or 3 he moved James Ward on the place who, with the help of Joe Murphy and his (appellee's) brother, planted the land in cotton and beans — using three tractors; that they planted all the land; that he farmed land in Missouri but also looked after the operation on appellant's land; that they cultivated the crops, which looked fine, until about the middle of July when appellant told him he was taking over the crops, and that he did take over and proceeded to cultivate, harvest, and market the same. Appellee further testified he did not abandon the crops and never had any intention of doing so. In substance, James Ward said: I have worked the land for appellee; the crops were in good shape, still growing, and ready to

"lay by" when appellant told me I was working for him and started paying me some time in July.

Appellant admitted he rented the land to appellee on the terms previously stated; that appellee placed it in cultivation; and, that he took over the crops. His defense was that the crops were not being worked properly, and that his action was necessary to prevent a loss to him. Several other witnesses testified concerning the conditions of the crops and the manner in which they were handled and marketed by appellant, but it throws very little, if any, light on the real issues previously mentioned. We have carefully examined the entire record and we find it contains substantial evidence, when viewed in the light most favorable to appellee, to sustain the jury's verdict. See: *Missouri Pacific Railroad Co.* v. *Hampton,* 195 Ark. 335, 112 S. W. 2d 428, and *Talley* v. *Morphis,* 232 Ark. 91, 334 S. W. 2d 652.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.