UNION FREE SCHOOL DISTRICT No. 14 of Town of Hempstead, Nassau County, Respondent, v. VILLAGE OF HEWLETT BAY PARK et al., Appellants.—

The Village Law empowers villages to adopt zoning ordinances for "the purpose of promoting the health, safety, morals, or the general welfare of the community" (§ 175). Any regulations adopted must be designed to facilitate "the adequate provision of * * * schools" (§ 177). The Constitution of the State imposes the duty upon the Legislature to provide a system of free public education, and reserves to the Legislature full power in relation to the "maintenance, support or administration" of the system, notwithstanding the powers conferred by the Home Rule provisions of the Constitution (art. XI; art. IX, § 13, subd. B). (*Matter of Bethlehem*

*Union Free School* v. *Wilson,* 303 N. Y. 107; *People ex rel. Elkind* v. *Rosenblum,* 184 Misc. 916.) In compliance with the direction of the Constitution, the Education Law has been enacted, and it imposes upon school districts or the boards of education therein the duty to locate schools and empowers them to secure sites by condemnation, if necessary (Education Law, §§ 404, 405). Plans for buildings such as the respondent has contracted to build must be and have been approved by the Commissioner of Education (§ 408), who is empowered to hear appeals from the actions of school districts (§ 310), and who cannot approve the plans in the absence of specific provision for the health and safety of the children (§§ 408, 409). In the absence of a specific grant of power, the defendant village cannot by a zoning regulation prevent the location of a school within its borders and thereby prohibit the performance by the school district of the duty imposed upon it by law. (*People ex rel. Elkind* v. *Rosenblum,* 184 Misc. 916, *supra*; cf. *Jewish Consumptives' Relief Soc.* v. *Town of Woodbury,* 230 App. Div. 228, affd. 256 N. Y. 619.) Present — Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ. [See *post*, p. 746.]