Lavender *v.* City of Rogers.

5-2232

339 S. W. 2d 598

Opinion delivered November 7, 1960.

*Bob Scott* and *Walter Davidson,* for appellant.

*J. Wesley Sampier,* for appellees.

Carleton Harris, Chief Justice. Appellant entered into a contract with Rogers School District No. 30 to construct a high school building. Appellees required appellant, under authority of City Ordinance No. 385, to obtain a building permit, which appellant obtained by paying the sum of $382. Thereafter, Lavender instituted suit in the Benton County Chancery Court, alleging that the "exaction of $382.00, was and is an illegal and unconstitutional exaction from the plaintiff, under the laws and constitution of the State of Arkansas. That the laws of the State of Arkansas do not authorize cities of the State of Arkansas to regulate the construction

of public school buildings, but rather delegate such power to the State Board of Education"; appellant further alleged that he made the payment required by the ordinance under protest, and had made demand for refund to the City Council of Rogers; that the City Inspector for Rogers had frequently harassed his employees, threatened to stop work on the job, and engaged in other activities to cause considerable loss and damage to appellant; that if work on the project were stopped, he (appellant) would suffer irreparable injury. The prayer was that the Court restrain the City of Rogers and O. B. Hanks, the city inspector, from attempting to regulate the construction of the new facilities for the Rogers School District No. 30; that Ordinance No. 385 be held unconstitutional "in its application to this public work," and that judgment be given appellant in the amount of $382. Appellee demurred to the complaint, and the court sustained the demurrer, giving appellant twenty days in which to plead further. Following the filing of an amended complaint (which elaborated on certain allegations in the original complaint),[1] to which appellee also demurred, the court again sustained the demurrer, and no further pleadings being filed by appellant, dismissed the amended complaint as stating no cause of action. From this order of the court, appellant brings this appeal.

Appellant seeks relief in two respects. First, he seeks injunctive relief, and secondly, he desires a refund of the permit fee. Under the view that we take, it is unnecessary to discuss whether the allegations reflect the permit fee to have been paid voluntarily or involuntarily, for unless the allegations are sufficient to show the ordinance totally invalid in its application to the construction of school buildings, relief cannot be granted. In other words, no charge is made that the tax is unreasonable or confiscatory, or that the ordinance is arbitrary or discriminatory. In fact, appellant does not argue that the ordinance is generally invalid, but only

---

[1]Appellant also alleged that he had entered into an additional contract with the School District for the construction of an auditorium in conjunction with other facilities, but had not obtained a permit.

asserts that it is invalid as it relates to regulation of the construction of public school buildings, it being the contention of appellant that the Legislature has delegated full authority to the State Board of Education in this field.

The statutory authority upon which appellant relies, is found in Ark. Stats. Anno., Sections 80-113 (1960 Replacement), 80-3505 (1960 Replacement), and 80-3506 (1960 Replacement). Those sections provide as follows:

"FUNCTIONS OF BOARD. — The Board shall have general supervision of the public schools of the State; prepare and distribute plans and specifications for the construction and equipment of school buildings, and approve plans and expenditures of public school funds for all new school buildings; recommend courses of study for the public schools and teacher training institutions; . . .

STANDARDS FOR SCHOOL HOUSE CONSTRUCTION. — The State Board of Education shall establish reasonable minimum standards for school house construction and said standards may be revised from time to time as educational problems and methods of procedure develop and change. Such standards shall take into consideration the recommendations of the Arkansas Chapter of the American Institute of Architecture, the Fire Prevention Bureau, and the Arkansas State Board of Health.

SCHOOL BUILDING PLANS APPROVED BY STATE BOARD OF EDUCATION. — After the first day of July following the passage and approval of this Act, no new school house shall be built except in accordance with the plan finally approved by State Board of Education for all projects where the Board requires its approval thereof. A copy of approved plans and specifications of all new school houses or additions, shall be filed with and approved by the State Board of Education, before construction shall be commenced, where so required by the Board."

It will be noted that these sections do not contain any language expressly taking away *all* authority (in matters relating to building schools) granted municipal corporations to regulate construction. Section 19-2801, Ark. Stats. Anno. (1947) provides as follows:

"They (municipal corporations) shall have the power to regulate the erection, construction, reconstruction, alteration and repair of buildings; to make regulations for the purpose of guarding against accidents by fire; to require the use of fireproof or fire-resistant materials in the erection, construction, reconstruction, alteration or repairs of buildings; and to provide for the removal of any buildings or additions thereto erected contrary to such prohibition."

Appellant did not see fit to attach a copy of the ordinance in question to his complaint, asserting that his position is simply that the city of Rogers is without authority to pass *any* ordinance relating to this type of construction; therefore, the invalidity of the ordinance must rest upon the allegation in his pleadings "that the laws of the State of Arkansas do not authorize cities of the State of Arkansas, to regulate construction of public school buildings, but rather, delegate such powers to the State Board of Education." Where, in equity, exhibits are attached to the complaint, such exhibits control its averments, and may be looked to for the purpose of testing the sufficiency of the allegations of the complaint. *Hendrickson* v. *Farmers' Bank and Trust Co.*, 189 Ark. 423, 73 S. W. 2d 725. Here, however, we do not know the provisions of the ordinance, nor the manner in which the city seeks to regulate this construction.

The Planning Commission Act (Ark. Stats. Anno., 1959 Supplement), Section 19-2827, expressly provides that no public building shall be constructed unless the plan for such construction has been approved as conforming with the overall plan adopted by the City Planning Commission.[2]

---

[2] This is only mentioned as an example of city power to regulate a particular phase of public building construction. Apparently no zoning ordinance was violated since the city granted the permit.

Section 71-1206 (Ark. Stats., 1957 Replacement), gives the State Board of Health general supervision of plumbing in buildings in this state, and provides:

"The construction, installation and maintenance of plumbing in connection with all buildings in this State, including buildings owned by the State or any political subdivision thereof, shall be safe, sanitary and such as to safeguard the public health."

Section 71-1209 provides:

"Nothing in this Act [§§ 71-1205 — 71-1217] shall prohibit cities and towns from having full authority to provide full supervision and inspection of plumbing and plumbers by the enactment of codes, rules and regulations in such form as the council may determine appropriate. * * *"

It is apparent therefore, that cities, in certain instances, do have the authority to regulate some features relating to public buildings. As stated, the ordinance is not before us, and we are unwilling to make a sweeping finding that a municipality—in this case, the city of Rogers—cannot regulate in *any* manner, *any* phase, aspect, or feature relating to the construction of a public school building.

Affirmed.

HOLT, J., dissents.

J. SEABORN HOLT, Associate Justice, dissenting.

We are concerned here with whether a city ordinance requiring a contractor to purchase a building permit is applicable to the school district and the school district's contract to construct a high school building.

Appellant, Lavender, had been given a contract to construct a public school building in the City of Rogers. That city has attempted to force him to purchase a building permit costing $382.00. Lavender has complied and paid the permit fee demanded, but under strong protest, in order not to halt construction of the building. Article

14, § 3 of the Constitution of the State of Arkansas provides: ''The General Assembly shall provide by the general laws for the support of common schools by taxes. . . The General Assembly may . . . authorize school districts to levy by vote . . . a tax . . . for the maintenance of schools, the erection and equipment of school buildings. . .'' And § 80-113 Ark. Stats. (1947) contains these provisions: ''The Board [State Board of Education] shall have general supervision of the public schools of the State; prepare and distribute plans and specifications for the construction and equipment of school buildings and approve plans and expenditures of public school funds for all new school buildings; . . .'' It seems clear to me, therefore, that public schools and public school buildings are arms of the state government, are of great public interest, and subject to direct control of the state legislature.

While it appears that we have no Arkansas case on the question presented, the case of *Guy Hall* v. *The City of Taft,* 47 Cal. 2d 177, 302 Pac. 2d 574, appears to be directly in point and holds contrary to the majority opinion here. In that case a contractor had been required to pay a permit fee of $300.00 and the Supreme Court of California held: ''That the Public school system is of state-wide supervision and concern and legislative enactments thereon control over attempted regulation by local government units. Constitutional provision giving any county, city, town or township power to enforce within its limits all local, police, sanitary and other regulations are not in conflict with general laws, does not confer upon local units of government power to regulate construction of public school buildings. The state has completely occupied the field of regulating public school building construction, and construction of such school buildings by school districts is not subject to the building regulations of a municipal corporation in which the building is constructed.

I think the decree should be reversed.