LAVENDER *v.* CITY OF ROGERS.

5008                                    343 S. W. 2d 103

Opinion delivered February 20, 1961.

*Bob Scott* and *Walter Davidson,* for appellant.

*J. Wesley Sampier,* for appellee.

ED. F. McFADDIN, Associate Justice. Appellant was fined $50.00 in the Circuit Court, for failure to obtain a building permit required by an ordinance of the City

of Rogers; and he brings the present appeal. This is the second appearance of the same parties in this Court. In the first case, Lavender sought to recover a building permit fee which he paid the City of Rogers. We decided adversely to Lavender in the case of *Lavender* v. *Rogers,* 232 Ark. 673, 339 S. W. 2d 598; and reference is made to that opinion for the background facts.

In the present case, it is conceded by appellant that he undertook the construction of another building for the Rogers School District in addition to the building involved in the said first case; and also it is stipulated that appellant did not obtain a permit from the City before commencing the construction of the said second **building.** The City of Rogers charged Lavender with a misdemeanor for failure to obtain a building permit; and trial in the Circuit Court (on appeal by Lavender from the Rogers Municipal Court) was on facts entirely stipulated, as follows:

"It is stipulated between the parties that Ordinance No. 385 requires the obtaining of a building permit prior to the beginning of the construction of any building within the municipal limits. It is hereby agreed and stipulated by and between the parties that the building for which the defendant, Tom Lavender, failed and refused to purchase a permit under Ordinance No. 385 of the Ordinances of the City of Rogers, Arkansas before beginning construction of a building was and is a school building within the corporate limits of the City of Rogers, Arkansas, and for the use of Rogers School District No. 30. It is further stipulated and agreed by and between the City Attorney of Rogers, J. W. Sampier, and Bob Scott, attorney for Tom Lavender, d/b/a Lavender Construction Company, that a trial by jury is waived and that the Court, by agreement, should decide the issues in this case upon the agreed stipulation. . . ."

The stipulation constitutes the entire evidence in the case. The Circuit Court found Lavender guilty of violating Ordinance No. 385 and imposed a fine of $50.00. On this appeal, Lavender urges only one point, to-wit: "That the City of Rogers, Arkansas, appellee, is without

authority to enact and enforce municipal laws regulating the materials used, and the mode and manner of construction of State school buildings, and as a consequent result thereof, the lower court erred in overruling appellant's Motion for New Trial.''

Therefore, the only issue presented on this appeal is whether the City of Rogers, as a municipal corporation, had any authority to require a building permit of a contractor about to undertake the construction of a building for the school district. That is exactly the same question presented by Lavender and decided adversely to him in the first case, *Lavender* v. *Rogers, supra.* Our holding in that case is ruling here; and a study of that case will disclose the reasons for our holding. It was demonstrated that under the Arkansas statutes, cities have some supervisory power in the construction of school buildings.

Affirmed.