Richard Aronson, J.
In an action brought to obtain a permanent injunction, the defendant moves pursuant to CPLR 3211 (subd. [a], par. 7) to dismiss the complaint for its failure to state a cause of action.
The complaint alleges that in June of 1967, the defendant school district advertised for bids for the construction of four leased relocatable class buildings to be built on land owned by it on New York State Route 80 in the Town of Onondaga, and subsequently contracts for the construction of the buildings were awarded. Two of these buildings were constructed less than 35 feet from the front line of the lot in violation of the town zoning ordinance. When the Town Building Inspector discovered the violation he issued a stop work order, and thereafter the defendant applied to the Zoning Board of Appeals for a variance. The application was denied, but despite the decision of the Zoning Board of Appeals, the defendant completed the construction of the two buildings.
The defendant asserts on this motion that since the building plans were approved by the Department of Education, neither a building permit nor a zone variance was necessary, contending *27 that a municipality cannot enforce its zoning regulations against a school district.
The plaintiff, on the other hand, although it concedes that a town may not prohibit the construction of school buildings within its borders, maintains that such construction is subject to fair and reasonable regulation and control by means of zoning ordinances promulgated to protect the health, safety and general welfare of the residents of the community.
On a motion such as this, the court generally is limited only to consideration of the allegations of the complaint. If the defendant is to be successful, the court, after assuming the truth of all the allegations of the complaint and giving the plaintiff the benefit of every reasonable inference, must be satisfied that no cause of action “known to our law” is stated (Foley v. D’Agostino, 21 A D 2d 60). The court could in its discretion treat this motion as one for summary judgment and permit either party to submit evidence that could properly be considered on that motion (CPLR 3211, subd. [c]); however, here the parties are in substantial agreement regarding the facts, and the court is faced squarely with a question of law. Undoubtedly, the violation of a zoning ordinance would normally give rise to a cause of action known to our law on behalf of the appropriate municipality, but does that cause of action lie against a school district?
This appears to be a threshold question. Extensive research has failed to disclose any reported decisions in this jurisdiction on the precise issue involved. It has long been established that a board of education or school district is a branch of State government charged by the State with the local administration of its educational system (Ham v. Mayor, 70 N. Y. 459; Ackley v. Board of Educ., 174 App. Div. 44), The State has not relinquished to the municipalities its authority regarding the location and construction of school buildings, and, by the same token, municipal authorities cannot limit the performance by. the State of its constitutional mandate to provide free education (Union Free School Dist. No. 14 v. Village of Hewlett Bay Park, 279 App. Div. 618; Matter of Great Neck Community School v. Dick, 140 N. Y. S. 2d 221, affd. 3 A D 2d 664). In the Union Free School Dist. case, the court, in holding invalid a provision of a zoning ordinance which prohibited the location of a public school within a village stated: “ The Village Law empowers villages to adopt zoning ordinances for ‘ the purpose of promoting the health, safety, morals, or the general welfare of the community ’ (§ 175). Any regulations adopted must be designed to facilitate ‘the adequate provision of * * * schools’ (§ 177). The *28 Constitution of the State imposes the duty upon the Legislature to provide a system of free public education, and reserves to the Legislature full power in relation to the ‘ maintenance, support or administration ’ of the system, notwithstanding the powers conferred by the Home Rule provisions of the Constitution (art. XI; art. IX, § 13, subd. B). (Matter of Bethlehem Union Free School v. Wilson, 303 N. Y. 107; People ex rel. Elkind v. Rosenblum, 184 Misc. 916.) In compliance with the direction of the Constitution, the Education Law has been enacted, and it imposes upon school districts or the boards of education therein the duty to locate schools and empowers them to secure sites by condemnation, if necessary (Education Law, §§ 404, 405). Plans for buildings such as the respondent has -contracted to build must be and have been approved by the Commissioner of Education (§ 408), who is empowered to hear appeals from the actions of school districts (§ 310), and who cannot approve the plans in the absence of specific provision for the health and safety of the children (§§ 408, 409).” In Matter of Great Neck Community School v. Dick (140 N. Y. S. 2d 221, 223) the court stated: “ The public school is controlled and operated by the state through boards of education or trustees in each school district. The state has not subordinated to the villages its right to determine where its school buildings are to be located and the villages have no right to curtail the paramount power of the state. Union Free School District No. 14 of the Town of Hempstead v. Village of Hewlett Bay Park, 198 Misc. 932,102 N. Y. S. 2d 81, affirmed 278 App. Div. 706, 103 N. Y. S. 2d 831. The villages themselves spring into being by leave of the state and must operate within their delegated authority.” Various State departments have rendered opinions which completely exempt school districts from compliance with local building and zoning regulations (1 N. Y. Educ. Dept. Rep. 772; 59 N. Y. St. Dept. Rep. 105; 7 Op. St. Comp. 341; 8. Op. St. Comp. 285). The last cited report of the State Comptroller concludes: “ School districts are not subject to town zoning provisions regulating setback ”.
Considering the aforesaid decisions and the administrative opinions, the court is of the opinion that, since a municipality lacks the power by zoning ordinance to prohibit the location of a school within its borders, it is logical to assume that it likewise lacks the power to enforce any of the provisions of its zoning ordinance against a school district. The fact that all proposed plans and specifications for the construction of school buildings must be approved by the State Education Department, in and of itself affords the municipality adequate protection against *29 substantial violations of zoning ordinances by school districts, and is some assurance that nothing will be permitted which might seriously affect the health, safety and general welfare of the community.
The fact that the school district unsuccessfully applied for a variance does not warrant the conclusion that it acknowledged the authority of the town ordinances and consequently should be bound thereby. In view of the holding of this court that school building construction by the school district did not fall within the purview of the zoning ordinance, the application for a variance was a superfluous procedure wholly devoid of any legal effect.
The court is, therefore, of the opinion that, as a matter of law, the plans and specifications used by a school district in connection with the construction of a school building are not required to comply with municipal zoning ordinances, and consequently the plaintiff herein is not entitled to the relief sought by it in its complaint. Since the complaint fails to state a cause of action, the defendant’s motion to dismiss it is granted, without costs.