■ In the Matter of JEWISH BOARD OF FAMILY AND CHILDREN'S SERVICES, INC., Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF MOUNT PLEASANT, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent zoning board of appeals that, in granting petitioner a variance for the construction of a school, imposed two conditions, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated February 14, 1980, which modified respondent's determination by striking the second of the two conditions and, as so modified, confirmed said determination. Judgment reversed, on the law, without costs or disbursements, and petition granted to the extent that the determination of the zoning board of appeals is annulled on the ground that the board and its subordinate agencies were without jurisdiction to entertain an application for a zoning variance or zoning and building permit for a union free school district. Petitioner is a not-for-profit corporation and the owner in fee of some 260 acres in Hawthorne, New York. Petitioner and its predecessors have maintained on the property, since 1903, a residential center for children, which includes 40 structures used for residential, instructional, recreational, therapeutic and professional purposes. There are two schools on the property, the Hawthorne-Cedar Knolls School and the Linden Hill School. Together they comprise the Hawthorne-Cedar Knolls Union Free School District, established by the Laws of 1939 (ch 879, § 1) as a school district "hav[ing] and enjoy[ing] all the powers and privileges in a union free school district under the provisions of the

education law." Application was made by petitioner in June, 1979 to the Mount Pleasant Building Department for a zoning and building permit for the construction of a junior school to be leased by petitioner to the Hawthorne-Cedar Knolls Union Free School District. The permit was denied and petitioner appealed to the respondent. After a public hearing, at which town residents complained of vandalism and other delinquent conduct allegedly committed by children from the school district, the respondent approved the application upon the following two conditions: (1) that an eight-foot high chain-link fence be installed along one of the perimeters of the school grounds; and (2) that the number of security guards assigned to the school be increased to four. Petitioner commenced the instant proceeding alleging, *inter alia*, that the State Commissioner of Education has exclusive authority to provide for the construction of schools, pursuant to legislative enactment under constitutional mandate, and that local zoning boards or authorities have no jurisdiction over such matters. Special Term never addressed the issue of the pre-emptive jurisdiction of the State Commissioner of Education. Instead, it considered the merits of the respondent's determination, and ordered that the security guard condition be deleted and that petitioner be granted a variance on the sole condition that it install a chain-link fence. Thus, Special Term appears to have based its judgment on the erroneous assumption that respondent and its subordinate agencies had jurisdiction over petitioner's construction of a junior school for the Hawthorne-Cedar Knolls Union Free School District. The overwhelming weight of authority establishes that public schools are not subject to regulation by municipal zoning boards, since they are carrying out State functions. *(Matter of Board of Coop. Educ. Serv. of Nassau County v Gaynor*, 60 Misc 2d 316, affd 33 AD2d 701; *Matter of Board of Educ. v City of Buffalo*, 32 AD2d 98; *Union Free School Dist. No. 14 v Village of Hewlett Bay Park*, 279 App Div 618; *Town of Onondaga v Central School Dist. No. 1*, 56 Misc 2d 26; 1 Anderson, New York Zoning Law and Practice [2d ed], §§ 9.06, 9.08.) Furthermore, petitioner did not, by its application, confer jurisdiction upon respondent. (See *Town of Onondaga v Central School Dist. No. 1, supra.*) Finally, it is of no consequence that petitioner will lease the building to the union free school district. (Cf. *Matter of Board of Coop. Educ. Serv. of Nassau County v Gaynor, supra.*) Accordingly, the judgment must be reversed and the determination of the zoning board of appeals annulled. Mangano, J. P., Gibbons, Gulotta and O'Connor, JJ., concur.