OPINION OF THE COURT
Bernard L. Reagan, J.
At the end of the 1978-1979 school year the Board of Education of the West Genesee Central School District (hereinafter referred to as the District) resolved to close the Camillus Elementary School due to a declining enrollment. The closing of schools State-wide presents a severe financial problem for the districts since the buildings must be maintained and fixed costs, such" as bond payments, insurance, heat and light, continue. Maintenance and bond payments for the Camillus Elementary School cost the District $30,000 annually.
To defray this cost, the District sought.tenants for the building and entered into year-to-year leases with GTE Sylvania (hereinafter referred to as GTE) and West Side Gymnastics School, Inc. (hereinafter referred to as .Gymnastics School). The rentals paid to the District are $15,000 and $6,000, respectively. The lessees are obligated to maintain the building and grounds with the exception of *610 capital repairs. This maintenance includes, but is not limited to, painting of rooms, replacing of broken windows, and maintaining the grounds.
Prior to the school closing, the school housed 315 students, 24 teachers and 10 support staff each school day. GTE utilizes classroom space for offices and training of employees. The Gymnastics School occupies the gymnasium and some classrooms. The Gymnastics School also operates a nursery school. The total number of GTE employees and Gymnastic students in any one day does not exceed 65 people.
The Village of Camillus (hereinafter referred to as Village) complains that the school is located in an R-l residential district; that the school is no longer being used for what the Village terms “school purposes” and that, therefore, the District and its lessees are subject to the local zoning laws.
The District argues that it is not subject to the local zoning laws, citing section 403-a of the Education Law of the State of New York and article IX (§ 3, subd [a]) of the New York Constitution.
The testimony taken at the trial reveals that GTE and the Gymnastics School are well run. Indeed, the Mayor of the Village of Camillus testified that if GTE and Gymnastics School applied for a variance, that in all likelihood it would be granted. However, the Village contends that since the premises were no longer used for school purposes, the Village had a duty to the residents of the area to control what tenants might occupy the building.
The lessees refuse to apply for a variance, stating that they do not wish to become embroiled in a dispute between the District and the Village.
The‘Village petitioned the court for an injunction to enjoin the District and its lessees. The District raises two defenses: (1) The District and its lessees are immune from the village zoning law; and (2) The village zoning law is invalid.
This is a case of first impression of the effect of section 403-a of the Education Law on local zoning ordinances. The law is clear that public schools are not subject to regulation *611 by municipal zoning boards when they are carrying out State functions. The Constitution of the State of New York places the responsibility with the Legislature to provide a system of free public education and reserves to the Legislature full power in relation to the maintenance, support or administration of the system, notwithstanding the powers conferred on the municipalities by the home rule provisions of the Constitution (see Matter of Jewish Bd. of Family & Children’s Servs. v Zoning Bd. of Appeals of Town of Mount Pleasant, 79 AD2d 657; Town of Onondaga v Central School Dist. No. 1 of Town of Onondaga, 56 Misc 2d 26; Matter of Board of Co-op. Educ. Servs. of Nassau County v Gaynor, 60 Misc 2d 316, affd 33 AD2d 701; 1 Anderson, New York Zoning Law and Practice [2d ed], §§9.06, 9.08).
Section 11 of the Municipal Home Rule Law provides: “1. Notwithstanding any provision of this chapter, the legislative body shall not be deemed authorized by this chapter to adopt a local law which supersedes a state statute, if such local law: *** c. Applies to or affects the maintenance, support or administration of the educational system in such local government”.
Subdivision 1 of section 403-a of the Education Law sets forth requirements for the leasing of school district property which is no longer needed for school district purposes as follows:
“The board of education or trustees of a school district are hereby authorized to adopt a resolution providing that specific real property of such district is not currently needed for school district purposes and that the leasing of such real property is in the best interest of the school district. The terms of such lease shall be subject to the following:
“(a) The rental payment shall not be less than the fair market rental value as determined by the board of education.
“(b) The term of the lease shall not exceed ten years.
“(c) Upon termination, the lessee shall be obligated to restore the real property to its original condition less ordinary depreciation, provided that the school district *612 may waive such requirement if the tenant has made improvements to such real property which may not be removed without causing substantial damage to such real property”.
The Village argues that the District’s leasing of the elementary school constitutes -a proprietary rather than a governmental activity and the District and its lessees are, • therefore, subject to the village zoning law. Classifying the leasing as a proprietary activity because it is designed to raise revenue, the Village contends that a school district’s function is to provide education, not to lease buildings for private, commercial or industrial use.
Where the activity does not relate to the educational purposes of the school district, the activity has been deemed proprietary in nature and subject to the village zoning law (Opns St Comp, 79-481 issued in this case; Nehrbas v Incorporated Vil. of Lloyd Harbor, 2 NY2d 190; Matter of Board of Educ. v City of Buffalo, 32 AD2d 98; Little Joseph Realty v Town of Babylon, 41 NY2d 738). It has further been held that a municipality may carry out its governmental operations without regard to zoning restrictions but it is subject to the same restrictions that are imposed on a nongovernmental landowner when it acts in a proprietary capacity (Nehrbas v Incorporated Vil. of Lloyd Harbor, supra, p 193).
However, “Whether a particular activity involves a governmental function or one proprietary is a matter not always easy of determination” (supra, p 194). No all-embracing formula or definition is possible.
Judge Fuchsberg, as recently as 1977, noted this problem in Little Joseph Realty v Town of Babylon (41 NY2d 738, 742, supra), “Granted that the legal classification of a particular municipal activity as governmental or proprietary is, in this transitional age, subject to change with time and circumstance”.
Due to the shrinking school enrollments, the school districts have become reluctant landlords who must maintain a vast number of empty school buildings. The maintenance of these buildings is clearly a governmental function.
*613 The leasing of these buildings is one way to maintain them at a minimum cost to the District. Necessity creates the duty and it is the duty of the board to lease, if the board determines it is in the best interests of the District.
The contention that this interpretation is objectionable because it permits the District to lease to anyone to the detriment of the residents in the area does not give weight or credit to the District that it will discharge its duty to the community faithfully and honestly. However, this does not mean the Village must put its trust in the District blindly. The law of nuisance and that on zoning both relate to the use of property but each protects a different interest so a use which fully complies with a zoning ordinance or is exempt from a zoning ordinance may still be enjoined as a nuisance (Sweet v Campbell, 282 NY 146; 2 Anderson, New York Zoning Law and Practice [2d ed], § 23.03).
There is no evidence in the record before the court indicating that the District has created a nuisance in fact or that the District has acted in an arbitrary or capricious manner.
A review of the legislative history of section 403-a of the Education Law reveals that it passed both houses of the Legislature without one dissenting vote. Its stated purpose was to expand the opportunity of school districts, faced with declining enrollments, to lease their vacant school property, thus providing constructive utilization thereof and encouraging property enhancement. The law also broadened the alternatives available to many school districts now faced with unused school buildings due to declining enrollments.
It is interesting to note that the State Education Department in its support of the bill (Letter to Counsel to the Governor, June 12, 1979, S 2851-A) recommended “Subdivision 3 as amended would require the board of education to lease property to the lessee offering the ‘most benefit’ to the district. We understand this to mean monetary benefit but we believe that the section should be made explicit in this respect”.
It is apparent when reading the history of this section and its positioning under article 9 of the Education Law, *614 “School Buildings and Sites” that the Legislature exercised its authority under section 1 of article IX of the New York Constitution. To hold otherwise would compel the districts to apply for a variance whenever a portion of a schoolhouse was leased or rented. This could mean literally hundreds of petitions and hearings (i.e., Nassau and Suffolk Counties alone have over 40 vacant schools with hundreds of vacant classrooms).
In conclusion, the power to regulate school matters has been reserved to the State by section 1 of article IX of the New York Constitution which, in turn, has delegated to the Commissioner of Education and to the local boards of education authority in such matters as the leasing of school buildings (Education Law, § 403-a, subd 1).
The West Genesee School District followed the statutory requirement in leasing to the defendants, GTE Sylvania, Inc. and West Side Gymnastics School, Inc. (Education Law, § 403-a, subd 1). In so doing, they were performing a governmental function as a matter of law. It follows, therefore, that the lessor District and the lessees, GTE and West Side Gymnastics, would not be subject to the village zoning ordinance (NY Const, art IX, § 1).
Since the court holds that the District is performing a governmental function and is not subject to the village zoning ordinance, it is not necessary to pass on the validity of the village zoning ordinance.
Injunction denied.