OPINION OF THE COURT
Daniel F. Luciano, J.
Motion by the plaintiff for a preliminary injunction is denied. The cross motions by the defendants to dismiss the complaint are granted.
The plaintiffs, as taxpayers within the Lindenhurst Union Free School District, commenced this action for a judgment declaring a “lease entered into on April 7, 1983, by the defendants to be unlawful and void, having been entered into in violation of the applicable statutes.” They also seek a judgment enjoining and prohibiting the defendants “from entering into and/or carrying out any lease or other contracts entered into in violation of law.”
Pending resolution of the action the plaintiffs now seek a preliminary injunction. In one cross motion by the defendants Eleanor Roll and Edward J. Murphy and a second cross motion by all other defendants in this action, the plaintiffs’ application is opposed and dismissal of the action is sought.
*407 The dispute arises out of a lease agreement entered into by the Lindenhurst Union Free School District and the Suffolk County Board of Cooperative Educational Services, Third Supervisory District (BOCES). The agreement, entered into on April 7, 1983 leased to BOCES “the building facility, playground and parking areas known as the Kellum School”.
The plaintiffs contend that the lease agreement is unlawful and, pending final resolution of the matter, seek a preliminary injunction preventing the defendants “from making any alterations or changes to the Kellum School and from effectuating the purported lease”.
All the defendants seek dismissal pursuant to CPLR 3211 (subd [a], par 7) on the ground that the complaint fails to state a cause of action. The motion by the defendants who are designated as trustees of the Lindenhurst Union Free School District’s school board also seeks dismissal pursuant to CPLR 3211 (subd [a], par 4) “on the ground of the pendency of another proceeding”.
This latter ground for dismissal need no longer be considered. The argument for dismissal had been predicated on the possibility that the Commissioner of Education of the State of New York might determine that the closing of the Kellum School was improper, in an administrative proceeding then pending. It appears that while this motion has been under consideration a decision has been rendered by the commissioner upholding the closing of the Kellum School by the Lindenhurst School Board.
The cross motions seeking dismissal of the complaint pursuant to CPLR 3211 (subd [a], par 7) must be considered before the plaintiffs’ application since, if the complaint is dismissed, no preliminary injunction can be issued. (CPLR 6312, subd [a].)
The plaintiffs’ complaint is grounded on the premise that the lease is unauthorized pursuant to sections 403-a and 403-b of the Education Law. (It is apparently agreed among the parties that the claim cannot rest-upon section 1950 or 1951, or former section 1958 of the Education Law.)
Paragraphs 8 and 9 of the complaint plead as follows:
*408 “The defendants’ action in executing the said lease was unlawful and in contravention of applicable law.”
“The Education Law of New York State at Section 403-b specifically limits Union Free and Central School Districts to leasing school buildings to any other Union Free and/or Central Districts and only upon approval of the voters within the leased district.”
The motion to dismiss the complaint for failure to state a cause of action is based upon the assertion that the lease was not executed in contravention of applicable law. It is contended that the applicable law is section 403-a of the Education Law and that pursuant to that section the lease is lawful.
Section 403-a provides, in part:
“1. The board of education or trustees of a school district are hereby authorized to adopt a resolution providing that specific real property of such district is not currently needed for school district purposes and that the leasing of such real property is in the best interest of the school district * * *
“3. The board of education or trustees of a school district are hereby authorized to lease real property upon such terms and conditions as the board of education or trustees may deem appropriate to any person, partnership or corporation such board of education or trustees shall have determined who will provide the most benefit to the school district for periods not to exceed ten years”.
Subdivision 1 of section 403-b provides limitations and authority for any union free or central school district “to enter into a lease with any other union free or central school district providing for the use and occupancy by any such school district of a school building owned by such other school district”.
The plaintiffs contend that since section 403-b refers specifically to school buildings while section 403-a refers to real property generally, the more specific provisions of section 403-b must apply to the leasing of a school building. Therefore, it is argued, a school building may be leased only to a union free or central school district and then, only *409 with the requisite voter approval as provided in section 403-b (subd 1, par b) of the Education Law.
In the court’s opinion there is no inconsistency between sections 403-a and 403-b and there is no conflict to reconcile.
The language of section 403-a need not be given any unusual construction. The term “real property” normally includes buildings on the real property. (E.g., 4A Warren’s Weed, New York Law of Real Property [4th ed], Real Estate, § 2.02.) A 1974 amendment to the section substituted references to real property for references to buildings or school buildings. The documents and memoranda included in the legislative bill jacket (L 1974, ch 91), provided by the defendants, support the view that this amendment was intended to broaden, not limit, the section’s application. As stated in the memorandum of the Attorney-General: “This bill would amend Section 403-a of the Education Law which authorizes the leasing of unused school buildings by boards of education or trustees of school districts as set out in that section. This bill would expand on this authorization by authorizing the leasing of specific real property of the school district not currently needed for school district purposes whether or not such lease involves the leasing of a building located upon such real property.”
Thus, section 403-a does pertain to school buildings. (Accord see Village of Camillus v West Side Gymnastics School, 109 Misc 2d 609.)
The reason for the more specific reference to school buildings is easily explained. Section 403-a concerns school districts in their capacity as lessors. Section 403-b applies to union free or central school districts in their capacity as lessees.
The language of section 403-b makes this point clear. It speaks of authority to enter into a lease “of a school building owned by such other school district”. It requires the lessee school district to be within a reasonable distance from the lessor school district. The voters of the lessee school district must give approval.
When construing the sections in this way — 403-a as lessor oriented and 403-b as lessee oriented where the *410 lessee is a union free or central school district — the statutes are harmonious and none of the ambiguities suggested by the plaintiff are apparent.
On a motion to dismiss a complaint the court must construe the pleading liberally. “[T]he sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail”. (Guggenheimer v Ginzburg, 43 NY2d 268, 275.)
Nevertheless, since the complaint in this action is predicated on an alleged violation of a statute which is inapplicable to the facts, the complaint cannot be sustained.
The cross motion to dismiss the complaint for failure to state a cause of action is granted and the motion for a preliminary injunction is, necessarily, denied.