235 N.J. Super. 225 (1989)
561 A.2d 1193
THEODORE R. MURNICK, PLAINTIFF-APPELLANT,
v.
BOARD OF EDUCATION OF THE CITY OF ASBURY PARK, PLANNING BOARD OF THE CITY OF ASBURY PARK, MAYOR AND COUNCIL OF THE CITY OF ASBURY PARK AND THE CITY OF ASBURY PARK, DEFENDANTS-RESPONDENTS, AND COMMISSIONER OF EDUCATION, INTERVENOR-DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 15, 1989.
Decided July 24, 1989.
*226 Before Judges GAULKIN, R.S. COHEN and A.M. STEIN.
Gita F. Rothschild argued the cause for appellant (McCarter & English, attorneys; Alfred L. Ferguson, of counsel; Gita F. Rothschild, Gary T. Hall and David C. Apy on the brief; Alfred L. Ferguson, Gita F. Rothschild and Gary T. Hall on the reply brief).
Peter P. Kalac argued the cause for respondent Board of Education of the City of Asbury Park (Kalac, Newman & Lavender, attorneys; Peter P. Kalac on the brief).
Nancy Kaplen Miller, Deputy Attorney General, argued the cause for intervenor-respondent (Peter N. Perretti, Jr., Attorney General; Michael R. Clancy, Deputy Attorney General, of counsel; Nancy Kaplen Miller on the brief).
Francis J. Campbell argued the cause for amicus curiae, New Jersey School Boards Association (Russell Weiss, Jr., on the brief).
The opinion of the court was delivered by ARNOLD M. STEIN, J.A.D.
*227 Plaintiff appeals from the dismissal of his declaratory judgment action. The trial judge ruled that the Asbury Park Board of Education (local school board) was not required to submit its plans for a proposed new school building to the local planning board for site plan review and approval.
We affirm. A local school board is bound only by the use restrictions of the zoning ordinance of the municipality in which the proposed school is to be located. It is not subject to local land use provisions which regulate such matters as height, setbacks, parking and site plan approval. The State Board of Education has the statutory responsibility to approve plans for the construction of new schools. The role of the local planning board is only advisory.
The parties agree that there is a pressing need for new school facilities in Asbury Park. In 1984 the State Department of Education determined that the school system's buildings were patently deficient. As a result, in 1985, the school board submitted a proposed bond issue to the voters seeking authorization for the construction of two elementary schools, Bradley and Bond Street. The referendum was defeated.
Following a recommendation by the Monmouth County Superintendent of Schools, the State Department of Education ordered the closing of four substandard school buildings as of June 1986. The school board was given permission to upgrade and continue use of a fifth school. Split sessions were ordered for 646 pupils.
In June 1986, the school board again submitted to the voters its proposal to build the two new elementary schools. By letter dated August 8, 1986, the local school board notified the planning board of the proposed construction of these two new buildings, pursuant to N.J.S.A. 40:55D-31.
On October 7, 1986, the referendum to construct the two schools was approved by the voters.
*228 On February 9, 1987, the planning board adopted a resolution disapproving the Bond Street school site, and proposing an alternate site. No mention was made of the Bradley school site, the subject of this lawsuit.
Plaintiff instituted this lawsuit when the local board of education refused to appear before the Asbury Park planning board for site plan approval. He is the owner of the Bond Street school site. Condemnation of that property has been the subject of continuing litigation between plaintiff and the school board. See Asbury Park Bd. of Educ. v. Murnick, 224 N.J. Super. 504 (App.Div. 1988), certif. den. 111 N.J. 625 (1988). His objections to the suitability of the Bradley location underlie his claim that proposed public school sites are subject to all requirements of local zoning laws and to local planning board review and approval.
The zoning article of Asbury Park's current Land Development Ordinance places all existing school buildings in a P-4 school zone. The Bradley site is located in an R-4 residential zone, a district permitting various types of residential structures as primary uses. Other facilities, such as planned unit developments, church day-care centers, senior citizen facilities, resident health care facilities and community shelters are conditional uses, requiring planning board approval. Schools are not expressly permitted in any zone except P-4. However, all districts permit "essential services" as a primary use. Asbury Park apparently considers a public school to be an "essential service."
The ordinance does not specifically delineate height, yard and bulk requirements for essential services facilities. It does require that a building must conform to the yard lot area and building location requirements of the zone district in which the building is to be erected. The ordinance also requires that elementary school buildings provide one and one-half parking spaces per employee.
*229 We conclude that public schools are not subject to the height, yard, bulk and other zoning requirements, except use restrictions, of the municipality; nor are proposals for the construction or addition of public schools subject to final approval by a local planning board. We read the applicable statutes to spell out a pattern of consistent, non-conflicting roles for all of the involved governmental entities  the local planning board, the local school board, the State Department of Education and the State Board of Education  in the construction or improvement of public school facilities.
The function of the municipality is to determine, by the reasonable exercise of the zoning power, where  not if  public schools are to be located within its boundaries. N.J.S.A. 40:55D-66b. Roman Catholic Diocese of Newark v. Ho-Ho-Kus Borough, 42 N.J. 556, 563, (1964) (Ho-Ho-Kus I), on remand, 47 N.J. 211 (1966) (Ho-Ho-Kus II)[1]; Tp. Com., Denville v. Bd. of Ed., Morris Cty., 59 N.J. 143, 147-148 (1971) (Denville Vo-Tech). When the local school board determines to undertake the construction or addition of a school, it must refer the proposed capital project for review and recommendation to the local planning board whenever the planning board has adopted any portion of a master plan. The local school board may not act upon such proposal without first reviewing the planning board's recommendation, or until forty-five days have elapsed without receipt of any recommendation. N.J.S.A. 40:55D-31. Approval of the proposed public school facility is determined by the State Board of Education, N.J.S.A. 18A:18A-16. The municipal planning board's recommendations and objections made pursuant to N.J.S.A. 40:55D-31 must be considered by the Bureau of Facility Planning Services of the *230 Department of Education during the plan review process. N.J.S.A. 18A:18A-16. The local school board need not obtain municipal approval for the building's plans and specifications. N.J.S.A. 18A:18A-49.
The sponsoring statement to the 1987 amendment to N.J.S.A. 18A:18A-16 underscores the conclusion that the role of local authorities in the layout, design and construction of a public school building and its building site is strictly recommendatory:
As amended, this bill requires that when a municipal planning board objects to a proposal to build or alter a public school building located in the municipality, it must file its objections with the Bureau of Facility Planning Services of the Department of Education within 10 days. The State Board of Education would be required to hear and consider the objections of the municipality prior to approving the plans and specifications.
BACKGROUND:
At present any capital project proposed by a school board must be submitted to the local planning board. The planning board is permitted 45 days to make recommendations regarding the project (P.L. 1975, c. 291; C. 40:55D-31). However, neither approval of plans and specifications nor a building permit from the municipality is required (N.J.S.A. 18A:18A-49). Authority for approving capital projects of school districts is vested in the State Board of Education (N.J.S.A. 18A:18A-16), and delegated to the Bureau of Facility Planning Services within the Department of Education (N.J.A.C. 6:22-1.1).
Before the Department of Education will consider a proposed land acquisition by a board of education it requires recommendations from the planning board of the municipality in which the site is located and the planning board of the adjacent municipality if the site is along that municipality's boundary line (N.J.A.C. 6:22-1.11(f)2). However, these recommendations are not binding.

....
The committee amendments eliminate the requirement for a public hearing, and provide that the State Board of Education must consider the objections of a municipality prior to approving school plans. [emphasis added]
We reject plaintiff's contention that Ho-Ho-Kus I and Denville Vo-Tech stand for the proposition that public schools are subject to all municipal zoning requirements, rather than only those restricting schools to particular zone districts. In Ho-Ho-Kus I Chief Justice Weintraub pointed out:
Thus with respect to the sufficiency of the school plant itself the Legislature has both vested responsibility in a state agency and expressly barred the municipality. No such legislation exists as to zoning. [42 N.J. at 561-562].
*231 We read this and other language elsewhere in Ho-Ho-Kus I and Denville Vo-Tech (e.g. 59 N.J. at 148) to mean that municipalities may, by zoning ordinance, regulate the location of public schools within their boundaries. These cases do not require the imposition of every zoning restriction upon the local school board. The legislative scheme mandates against duplicate, time-consuming review of a proposed public school facility, with its potential for conflicting decisions, by the State Board of Education and the municipal board.
The Legislature is under an obligation to provide for the maintenance and support of a thorough and efficient system of free public schools. N.J. Const. (1947), Art. 8, § 4, ¶ 1. It has adopted a statutory vehicle for the construction and maintenance of facilities in which to provide such education, the Public School Contracts Law, N.J.S.A. 18A:18A-1 et seq. That law requires plans for proposed public school facilities to be subject to approval by the State Department of Education. N.J.S.A. 18A:18A-16. What the Legislature has left to municipalities is the right to determine by zoning ordinance where such public school buildings shall be located. Ho-Ho-Kus I, supra.
In Rutgers v. Piluso, 60 N.J. 142 (1972) the Supreme Court held that:
the true test of immunity ... is the legislative intent in this regard with respect to the particular agency or function involved. That intent, rarely specifically expressed[5], is to be divined from a consideration of many factors, with a value judgment reached on an overall evaluation. All possible factors cannot be abstractly catalogued. The most obvious and common ones include the nature and scope of the instrumentality seeking immunity, the kind of function or land use involved, the extent of the public interest to be served thereby, the effect local land use regulations would have upon the enterprise concerned and the impact upon legitimate local interests. [60 N.J. at 152-153].
Footnote 5 points out that Denville Vo-Tech is the only case in which the Supreme Court has held that the Legislature did not grant zoning immunity to a public body.
We are satisfied that evaluation of these criteria demonstrates a legislative purpose to confer immunity upon local *232 school boards from all but the use restrictions of a municipal zoning ordinance.
The judgment is affirmed.
NOTES
[1] Ho-Ho-Kus I and II dealt with plaintiff's attempt to build a private (parochial) school in a residential zone which barred all public and private schools. The Supreme Court interpreted N.J.S.A. 40:55-33.1, the predecessor to N.J.S.A. 40:55D-66b, to permit prohibition of both public and private schools in a particular zone district.