The Honorable Wanda Northcutt State Representative P.O. Box 350 Stuttgart, Arkansas 72160-0350
Dear Representative Northcutt:
This is in response to your request for an opinion on whether a public school district is subject to city zoning ordinances.
It is my opinion that the answer to your question will have to be determined based upon the facts of an individual case, in light of the specific exercise of power exerted and the legislative intent expressed on the particular question. No broad-sweeping rule may be declared as the law on this question.
You have noted that the counsel for a local school district has researched the issue and found no conclusive Arkansas case on point, but has determined that the "majority rule" from other jurisdictions is that local school districts are not subject to city zoning ordinances either because the districts are carrying out a governmental rather than a proprietary function, or because of their powers of eminent domain.
We have found no express statutory provision governing the issue, (see however, generally, A.C.A. §§ 14-56-414 (c)(1)(A) and14-56-507 (a)(1) (concerning community facilities plans and development plans of metropolitan or regional commissions, respectively)). However, in Lavender v. City of Rogers,232 Ark. 673, 339 S.W.2d 598 (1960), a contractor who had entered into a contract with a school district to construct a high school building sued the City of Rogers because the city required him to obtain a building permit. He sued to recover the amount he paid for the permit alleging that it was an illegal exaction because the laws of Arkansas do not authorize cities to regulate construction of public school buildings. He contended that, instead, this authority was placed in the State Board of Education.
The court, after citing several statutes relating to the State Board of Education and zoning in general, stated as follows:
 It is apparent therefore, that cities, in certain instances, do have the authority to regulate some features relating to public buildings. As stated, the ordinance is not before us, and we are unwilling to make a sweeping finding that a municipality — in this case, the city of Rogers — cannot regulate in any
manner, any phase, aspect, or feature relating to the construction of a public school building. [Emphasis original.]
232 Ark. at 677. See also, Lavender v. City of Rogers,233 Ark. 161, 343 S.W.2d 103 (1961) at 163.
The court's decision thus lends itself to a case-by-case analysis of the particular facts and the particular aspects of the city ordinance in question.
Courts of other states appear to be divided on the issue. Those holding local schools not subject to city zoning ordinances include: City of Addison v. Dallas Independent School District,632 S.W.2d 771 (Texas 1982); Village of Camillus v. West SideGymnastics School, Inc., 440 N.Y.S.2d 822, 109 Misc.2d 609
(1981); Jewish Board of Family and Children's Services, Inc. v.Zoning Board of Appeals of the Town of Mount Pleasant,
433 N.Y.S.2d 840, 79 A.D.2d 657 (1980); Board of CooperativeEducational Services of Nassau County v. Gaynor,303 N.Y.S.2d 183, 60 Misc.2d 316 (1969); Town of Onondaga v. Central SchoolDistrict # 1 of Towns of Onondaga, 287 N.Y.S.2d 581,56 Misc.2d 26 (1968); City of Bloomfield v. Davis County Community SchoolDistrict, 254 Iowa 900, 119 N.W.2d 909 (1962); and LauderdaleCounty Board of Education v. Alexander, 269 Ala. 79,110 So.2d 911 (1959). Courts holding that local schools are subject to city zoning ordinances include: Cody Park Association v. Royal OakSchool District, 116 Mich. App. 103, 321 N.W.2d 855 (1981);City of Orlando v. School Board of Orange County, 362 So.2d 694
(Fla. 1978); Village of North Palm Beach v. School Board of PalmBeach County, 349 So.2d 683 (Fla. 1977) cert. denied,
354 So.2d 985 (1977) appeal dismissed 358 So.2d 113 (1978);Township Committee of Township of Denville v. Board of Educationof the Vocational School in the County of Morris, 59 N.J. 143,279 A.2d 842 (1971); and Murnick v. Board of Education of theCity of Asbury Park, 235 N.J. Super. 225, 561 A.2d 1193
(1989).[1]
One of the most recent decisions we have found on point,Independent School District No. 89 of Oklahoma County v. TheCity of Oklahoma City, 722 P.2d 1212 (1986), contains a good overview of the law on the question, and it sets out the test which, in my opinion, would be applied by the Arkansas Supreme Court. The court first noted that:
 In determining the question whether a political subdivision is immune from municipal zoning regulations, the courts have relied on various tests to resolve the issue absent a specific statutory exemption. These include the governmental proprietary, superior sovereign, eminent domain and balancing of interests tests.
722 P.2d at 1214.
The Oklahoma Supreme Court then discussed one of its earlier decisions and cited with approval the dissent in that decision as follows:
 As noted in the dissenting opinion in Suntide, the traditional concept of immunity adopted by the majority is being rejected by appellate courts of other jurisdictions as being `too simplistic' and such courts are placing the balancing of interests test in its stead. Sovereign immunity has consistently had the result of upholding a state and its agencies when in conflict with municipal zoning regulations. However, as advocated in the dissent, the balancing of interests test provides the more reasonable approach which affords fairness and flexibility on a case-by-case basis.
722 P.2d at 1215.
The cases cited by the court as adopting the "balancing of interests test" are Blackstone Park Improvement Association v.State, 448 A.2d 1233 (R.I. 1982); Township of Pemberton v.State, 178 N.J. Super. 346, 429 A.2d 360 (1981), cert.denied, 87 N.J. 364, 434 A.2d 1053 (1981); Village of NorthPalm Beach v. School Board, 349 So.2d 683 (Fla.Dist.Ct.App. 1977) cert. denied, 354 So.2d 985 (1977), appealdismissed, 358 So.2d 133 (1978); City of Fargo v. HarwoodTownship, 256 N.W. 2d 694 (N.D. 1977); City of Temple Terracev. Hillsborough Ass'n, 322 So.2d 571 (Fla. 2d Dist.Ct.App. 1975), aff'd Hillsborough Ass'n v. City of Temple Terrace,322 So.2d 610 (Fla. 1976); Town of Oronoco v. City ofRochester, 293 Minn. 468, 197 N.W.2d 426 (1972) and Rutgers,State University v. Piluso, 60 N.J. 142, 286 A.2d 697 (1972).
The Oklahoma court then quoted the last case cited above, theRutgers case, in which the balancing of interests test is set out:
 `The rationale which rules through our cases and which we are convinced would furnish the true test of immunity in the first instance, albeit a somewhat nebulous one, is the legislative intent in this regard with respect to the particular agency or function involved. That intent, rarely specifically expressed, is to be divined from a consideration of many factors, with a value judgment reached on an overall evaluation. All possible factors cannot be abstractly catalogued. The most obvious and common ones include [1] the nature and scope of the instrumentality seeking immunity, [2] the kind of function or land use involved, [3] the extent of the public interest to be served thereby, [4] the effect local land use regulation would have upon the enterprise concerned and [5] the impact upon legitimate local interests. . . . In some instances one factor will be more influential than another or may be so significant as to completely overshadow all others. No one, such as the granting or withholding of the power of eminent domain, is to be thought of as ritualistically required or controlling. And there will undoubtedly be cases, as there have been in the past, where the broader public interest is so important that immunity must be granted even though the local interest may be great. The point is that there is no precise formula or set of criteria which will determine every case mechanically and automatically.
722 P.2d at 1216, citing Rutgers, State University v. Piluso,supra.
In my opinion, this "balancing of the interests" approach is the most consistent with what our Arkansas Supreme Court has already held on the issue. Our court declined to lay down a hard and fast rule that school districts are not subject to municipal zoning regulations. This holding evidences an intent to reach a conclusion on the facts in each particular case.
It is thus my opinion that the question of whether a public school district is subject to city zoning ordinances or regulations will depend upon the facts of each attempted exercise of the power. No absolute answer may be provided in the abstract.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] Some cases, such as the last cited, hold that although school districts are subject to some zoning regulations, a city does not have authority to regulate site location of new schools.