The Honorable Morril Harriman State Senator 522 Main Van Buren, Arkansas 72956
Dear Senator Harriman:
This is in response to your request for an opinion regarding the construction of a new building on the campus of Arkansas Valley Technical Institute in Ozark. You indicate that when the city inspector approached the contractor of the facility about obtaining a building permit and submitting to inspections of the building, he was informed that state agencies were exempt from any such city permits or inspections. Your question is whether the construction of improvements by a state agency is exempt from city requirements as to the obtaining of any necessary building permits and inspection of the premises to insure compliance with city building codes.
It must first be noted, as raised in your question, that Arkansas Valley Technical Institute is, in my opinion, an agency of the state. This office has previously stated that, both as a general matter and for purposes of particular statutes, community colleges are agencies of the state. See, e.g., Op. Att'y Gen. 89-002 and 93-404, enclosed. Likewise, vocational-technical schools are state agencies. Of particular significance is A.C.A. § 22-2-102(5) (Cum. Supp. 1993), which includes vocational-technical schools in the definition of "state agency" as part of the State Building Services Act.
The State Building Services ("SBS") was created, primarily, to construct and supervise capital improvements by state agencies. Capital improvements" is defined as "all lands, buildings, structures, utilities, on-site and off-site improvements . . . which are undertaken . . . or otherwise managed by a state agency." A.C.A. § 22-2-102(1). Section 22-2-108(2) vests the SBS Council with the authority to "construct and equip buildings and the sites upon which they are situated for use as public buildings." The Construction Section of the SBS is empowered to engage the services of licensed engineers and architects for the construction of new projects and to ensure regular on-site inspection of such projects. A.C.A. §§ 22-2-107(a)(1)(D) (E)(iv). The contracts for architectural and engineering services, as well as all construction plans and contracts are reviewed by the Structural Advisory Section. A.C.A. § 22-2-107(3)(F).
While it appears the General Assembly, by enacting this legislation, intended to vest the SBS with exclusive authority over the construction and repair of the state's public buildings, other existing legislation enables the cities to retain some control in this area. For example, A.C.A. § 17-31-204(f) gives cities full authority to supervise plumbing inspections, notwithstanding regulation by the State Board of Health. This particular statute was cited in Lavender v. City of Rogers,232 Ark. 673, 339 S.W.2d 598 (1960). There, the Arkansas Supreme Court upheld the chancellor's decision to require the contractor for the Rogers School District to pay the fee for a city building permit. The court noted that the ordinance at issue was not before it but held, in light of the above statute, that it was ". . . unwilling to make a sweeping finding that a municipality . . . cannot regulate in any manner, any phase, aspect or feature of a public school building."232 Ark. at 677, 339 S.W.2d at 601.
Arkansas Code Annotated § 14-56-201 grants cities the general power to "regulate the erection, construction, reconstruction, alter and repair of buildings." Section 14-56-202 further grants cities of the first class the power to require the issuance of permits for structures erected within the city limits. We must consider, however, that the authority of a municipality in Arkansas is limited in our constitution. Ark. Const. Art. 12, § 4 prohibits municipal corporations from passing any law contrary to the general laws of the state. It is well established that municipalities are creatures of the legislature and therefore possess only such power or authority as is bestowed upon them by statute or the constitution. Jones v. American Home Life Ins. Co, 293 Ark. 330,738 S.W.2d 387 (1987); City of Little Rock v. Raines, 241 Ark. 1071,411 S.W.2d 486 (1967); City of Piggot v. Edlen, 236 Ark. 300, 366 S.W.2d 192
(1963). General words in certain kinds of statutes cannot be construed to include the State or to affect its rights unless it is expressed or is clear by necessary implication that the State was included. Potts v.Hay, 229 Ark. 830, 318 S.W.2d 826 (1958); Linwood Auburn Levee Dist.v. State, 121 Ark. 489, (1915). Furthermore, it is a recognized principle in many jurisdictions that in the absence of waiver on the part of the state of its right to regulate its own property or activities, a city cannot regulate or control, especially where the state has authorized one of its agencies to control. 62 C.J.S. Municipal Corporations § 157; McQuillin, Municipal Corporations, § 15.31.10 (3rd Ed.).
Notwithstanding the above principles, the primary rule in construing statutes is to ascertain and give effect to the intent of the legislature. Thomas v. Cornell, 316 Ark. 366, 872 S.W.2d 370 (1994). In my opinion, however, the conflicts in the previously cited statutes make it impossible to discern what the general assembly intended in this instance. In addition, and as the court noted in Lavender, supra, your questions cannot be fully addressed without reference to the specific ordinances at issue, particularly with regard to inspections. While the Construction Section of the SBS appears to have authority over inspection of state buildings in general, see A.C.A. § 22-2-107(a)(1)(D), the legislature has, as previously discussed, given cities the express authority to regulate and inspect some features associated with state owned buildings. Other features, however, have been delegated exclusively to the jurisdiction of state authorities. See, e.g., A.C.A. §20-24-102(a) (regarding the inspection, construction, etc., of elevators).
I am therefore unable, in light of the current conflicting evidence of legislative intent, to come to a definitive conclusion as to the right of a municipality to require building permits and inspections of state buildings. Only a court, presented with all the facts, could render a meaningful decision. Legislative clarification is perhaps indicated.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Sarah L. James.
Sincerely,
WINSTON BRYANT Attorney General
WB:SLJ/cyh