The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, AR 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on two unrelated questions involving development of a subdivision in an unincorporated area. Your first question, pertaining to a city's planning jurisdiction, is as follows:
 Must the subdivision developer obtain plat approval from the County Planning Board and City Planning Commission having territorial jurisdiction where the subdivision will be developed? Does the jurisdiction of the city imposing its planning criteria and approval under Act 186 of 1957 lack standing since the deed restriction nullified the future annexation presumption?
You state, as background information for this question, that the property is located within five miles of an existing city limit and that the property owner/developer does not need any city services for the planned subdivision. You also state that the property is being sold subject to a ninety-nine year moratorium against annexation to any city.
It is my opinion that the answer to the first part of this question is "yes," that is, plat approval is required. In response to the second part of the question, the city's planning jurisdiction is, in my opinion, unaffected by any such restriction.
This conclusion is compelled by a review of the Code provisions pertaining to municipal planning, A.C.A. §§ 14-56-401 through -425 (1987 and Cum. Supp. 1993). Your question is answered, in my opinion, most clearly by A.C.A. § 14-56-417(c) (1987), which states:
 Within the area within which the municipality intends to exercise its territorial jurisdiction as indicated on the planning area map,[1]
the county recorder shall not accept any plat for record without the approval of the planning commission.
See also A.C.A. § 14-56-417(b)(3)(B) (1987) (prohibiting county recorder's acceptance of any deed to a lot or parcel that is not platted and on file or accompanied with a plat approved by the planning commission). My research has disclosed no authority for the proposition that this plat approval requirement is conditioned upon the future annexation of the area covered by the city's plan. The plain language of the relevant Code provisions belies any such assertion. Thus, even assuming the effectiveness of such a restriction against annexation,[2]
I must conclude that the city's territorial jurisdiction remains effective and that plat approval is required.
Your second question involves contractor licensing requirements. You state that a property owner seeks to perform all of the work in connection with a subdivision development either himself or through his direct employees. The city is requiring a licensed contractor on portions of the work and specifically where the property owner will not be the occupant. Your question in this regard is as follows:
 Is the city's requirement for a licensed contractor unenforceable under the conditions outlined by state statute where a property owner performing work on his (its) own property is not required to be licensed, whether the completed property will be for his (its) own ultimate use, rent, lease or for sale?
It is my opinion that if, in fact, state law does not require a licensed contractor on the work in question,[3] the city's requirement for a licensed contractor may be successfully challenged. In my opinion, the city's imposition of such a requirement in that instance would in all likelihood be deemed contrary to state law.
In considering this question, it must first be recognized that in Arkansas, municipalities are creatures of the legislature and possess only such power or authority as is bestowed upon them by statute or the constitution. Jones v. American Home Life Ins. Co., 293 Ark. 330,738 S.W.2d 387 (1987). Cities are constitutionally prohibited from passing any law contrary to the general laws of the state. Ark. Const. art. 12, § 4. In this regard, it must be noted that the matter of contractor licensure is addressed under the contractors licensing law, a general state law. A.C.A. §§ 17-22-101 et seq. (Repl. 1992 and Supp. 1993). The Arkansas Supreme Court has stated that the "obvious purpose" of this law is "to require contractors who desire to engage in certain types of construction work to meet certain standards of responsibility, such as experience, ability, financial condition, etc." Bird v. Pan WesternCorp., 261 Ark. 56, 62, 546 S.W.2d 417 (1977), citing Ark. Stat. Ann. § 71-709, now codified at A.C.A. § 17-22-305 (Repl. 1992). It is thus clear that the law falls within the state's police power. See also A.C.A. §17-22-305(7) (requiring that the state Contractors Licensing Board, in determining the qualifications of any license applicant, must consider "[a]ny . . . fact tending to show ability and willingness to conserve the public health and safety. . . .") Matters coming within the police power of the state are specifically designated as "state affairs," as distinguished from "municipal affairs," under A.C.A. § 14-43-601(a)(1)(J) (1987). As such, conflicting municipal legislation is specifically prohibited. A.C.A. § 14-43-601(a)(2).
It seems clear that a city's requirement for a licensed contractor, where none is required by state law, would be deemed in conflict with state law and thus prohibited. I have considered, in this regard, the statutory grant of regulatory authority to cities in connection with building construction. See A.C.A. §§ 14-56-201 (1987) (vesting cities with the power to, inter alia, "[r]egulate the erection, construction, reconstruction, alteration, and repair of building . . ."); and 14-56-202
(1987) (conferring upon cities the power to, inter alia, "[r]egulate the building of houses. . . .") The Arkansas Supreme Court has noted, citing A.C.A. § 14-56-201, supra, and other statutes involving city planning authority and plumbing supervision, that cities do have some supervisory power in building construction. Lavender v. City of Roger, 232 Ark. 673,339 S.W.2d 598 (1960) (applying a city building permit requirement to a school district). But in construing, specifically, A.C.A. §§ 14-56-201 and -203, supra, the court has indicated that these provisions relate to the kind of building which may be erected or repaired. See City of Searcy v.Roberson, 224 Ark. 344, 273 S.W.2d 26 (1954) and City of Stuttgart v.Strait, 212 Ark. 126, 205 S.W.2d 35 (1947). In my opinion, the court would be unwilling to construe these provisions as delegating the power to require licensed contractors, particularly in light of the state contractors licensing law, discussed above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] The city's territorial jurisdiction includes "all land lying within five (5) miles of the corporate limits." A.C.A. § 14-56-413(a)(1)(A) (Cum. Supp. 1993). The planning area map shows, inter alia, the boundaries of the area within this jurisdiction for which the city will prepare plans, ordinances, and regulations. See A.C.A. §§ 14-56-412(c) and (d) and 14-56-413(b).
[2] I am uncertain as to the effect of such a deed restriction in light of the city's statutory authority to submit the question of annexation to the electors. See A.C.A. §§ 14-40-302 and -303 (1987 and Cum. Supp. 1993).
[3] In accordance with A.C.A. § 17-22-101(a) (Repl. 1992), "when a person or entity acts as a contractor in the construction, erection, alteration, or repair of his own or its own property, such action shall not result in the person or entity being deemed a contractor under this chapter."