■ In the Matter of BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY et al., Respondents-Appellants, v. EDWARD J. GAYNOR, as Director of the Department of Building and Zoning of the Town of Oyster Bay, et al., Appellants-Respondents.— In a proceeding pursuant to article 78 of the CPLR to review and annul a determination of the Director of the Department of Building and Zoning of the Town of Oyster Bay revoking building permits which had been issued to petitioner Board of Cooperative Educational Services of Nassau County (hereinafter referred to as BOCES) and for other relief, the appeals are as follows from a judgment of the Supreme Court, Nassau County, entered August 27, 1969: (1) said Director and the Town Board of said Town appeal from so much of the judgment as requires the Director to reinstate the permits and to add petitioner Dalebass Realty, Inc., to the permits as a permittee; and (2) petitioners cross-appeal from the judgment to the extent that it does not include provisions giving them injunctive relief and adjudging that the subject premises are exempt from the town's ordinances. Judgment affirmed insofar as appealed from, without costs. The building permits were issued after BOCES had entered into an agreement with Dalebass whereby Dalebass was to construct buildings on its property for use by BOCES. Under the agreement, BOCES leased the premises from Dalebass for a five-year term, with an option to renew for an additional five years; and at the expiration of the 10-year period BOCES had a further option to purchase the property and improvements, subject to a referendum of the voters approving the purchase. The permits were revoked on the ground that they had been invalidly issued; and in this proceeding the Director and the Town Board urge, in substance, that the revocation was proper because the lease agreement between the petitioners was void. We agree with the Special Term (1) that the Director and the Town Board lack standing to question the validity of the agreement (cf. *Matter of Board of Coop. Educational Servs.* v. *Buckley,* 15 N Y 2d 971; *Board of Educ., Union Free School Dist. No. 6* v. *Board of Coop. Educational Servs.,* 25 A D 2d 864); (2) that the town may not, by its zoning ordinance, prevent the location of a school within its borders (*Union Free School Dist. No. 14* v. *Village of Hewlett Bay Park,* 279 App. Div. 618; cf. *Matter of Diocese of Rochester* v. *Planning Bd. of Town of Brighton,* 1 N Y 2d 508); (3) that the planned vocational school to be operated by BOCES is a school within the town's zoning ordinance, as it is "a regularly organized elementary or high school having a curriculum approved by the Board of Regents of the State of New York," as thus defined in the ordinance (Town of Oyster Bay Building Zone Ordinance, art. IV, § B-1, subd. 5; cf. *Incorporated Vil. of Brookville* v. *Paulgene Realty Corp.,* 24 Misc 2d 790, 792, affd. 14 A D 2d 575, affd. 11 N Y 2d 672; *Matter of Wiltwyck School for Boys* v. *Hill,* 11 N Y 2d 182); and (4) that the Director and the Town Board failed to prove that the intended use of the property would bring excessive noise,

noxious odors and fumes to the area. On this record, however, we find it unnecessary to decide whether the agreement between petitioners is valid; and we express no opinion on that question. We are also of the view that Special Term did not err in refusing to include in the judgment a provision, requested by petitioners, declaring that the subject buildings and premises are exempt from the town's building, zoning and other ordinances, and restraining the Director from interfering with the construction and proposed use of the buildings. On the facts presented, we find no necessity for a declaratory judgment (cf. *James* v. *Alderton Dock Yards*, 256 N. Y. 298, 305) and no abuse of discretion by the Special Term in denying such relief (CPLR 3001; cf. *Park Ave. Clinical Hosp.* v. *Kramer*, 26 A D 2d 613, affd. 19 N Y 2d 958). No " 'threatened and imminent' " acts were shown which warranted injunctive relief (*1130 President St. Corp.* v. *Bolton Realty Corp.*, 300 N. Y. 63, 69). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Kleinfeld, JJ., concur.