■ In the Matter of REGINA MINARS, Appellant, v HENRY W. ROSE et al., Constituting the Board of Zoning Appeals of the Town of Hempstead, Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Hempstead, dated July 17, 1984, which, after a hearing, denied the petitioner's application for a building permit for the rooftop installation of a "receive only" satellite dish antenna, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Oppido, J.), dated April 17, 1985, which dismissed the proceeding on the merits.

Justice Thompson has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670. 2 [c]).

Ordered that the judgment is reversed, on the law, without costs or disbursements, the determination is annulled, and the matter is remitted to the Board of Zoning Appeals of the Town of Hempstead for reconsideration of the application, in accordance herewith.

Subsequent to Special Term's judgment confirming the denial by the Board of Zoning Appeals of the petitioner's application for a building permit for the installation of a "receive only" satellite dish antenna on her premises, the Federal Communications Commission (hereinafter FCC) adopted the following rule, which is now in effect:

"§ 25.104 Preemption of local zoning of earth stations

"State and local zoning or other regulations that differentiate between satellite receive-only antennas and other types of antenna facilities are preempted unless such regulations:

"(a) Have a reasonable and clearly defined health, safety or aesthetic objective; and

"(b) Do not operate to impose unreasonable limitations on, or prevent, reception of satellite delivered signals by receive-only antennas or to impose costs on the users of such antennas that are excessive in light of the purchase and installation cost of the equipment.

"Regulation of satellite transmitting antennas is preempted in the same manner except that state and local health and safety regulation is not preempted." (51 Fed Reg 5526, amdg Code of Federal Regulations, ch 1, tit 47, part 25 [to be codified at 47 CFR 25.104].)

This rule clearly preempts any local zoning ordinance or interpretation thereof which effectively bans or unreasonably restricts the installation of satellite dish antennas in certain use districts.

With respect to the application at bar, the Board found, *inter alia,* that the proposed satellite dish was not "customarily incidental" to a single-family dwelling, a finding that precludes satellite dish antennas as an accessory use *(see, Matter of Presnell v Leslie,,* 3 NY2d 384, 387-388). As the local zoning ordinance permits only single-family detached dwellings and accessory uses in the applicable zoned district *(see,* Building Zone Ordinance of the Town of Hempstead, art VII, §§ 63, 64), the Board's finding effectively bans satellite dish antennas from the particular residential district in question. Furthermore, the alternative grounds cited by the Board for denying the application lack the underlying factual support necessary to meet the standards imposed by the FCC rule. Accordingly, we annul the determination and remit the matter to the Board of Zoning Appeals of the Town of Hempstead for reconsideration of its determination in light of the newly promulgated FCC rule. Lazer, J. P., Mangano, Thompson and Bracken, JJ., concur.