In the Matter of TCI, Inc., Appellant, v Town of Ghent et al., Respondents.

Third Department, February 7, 1991

308

---

## APPEARANCES OF COUNSEL

*Whiteman Osterman & Hanna (Philip H. Gitlin* and *Kathryn Girardat Hart* of counsel), for appellant.

*Connor, Curran & Schram (Theodore Guterman, II* of counsel), for respondents.

### OPINION OF THE COURT

CASEY, J.

Petitioner is in the business of recycling electrical equipment. In the fall of 1987, petitioner constructed a facility in the Town of Ghent, Columbia County, where it handles, processes and disassembles electrical and electronic transmission and distribution equipment. The facility is located in the town's commercial industrial zone and received the approval of the Town Planning Board. As a part of its operation, petitioner sends copper cores and coiling to an outside contractor's facility, where wood and paper insulation are removed by incineration in a wire reclaimer furnace.

In March 1988 petitioner submitted an application to the Department of Environmental Conservation (hereinafter DEC) for a process air emission permit to construct and operate a wire reclaimer furnace at the facility. After a lengthy application process, which included review pursuant to the State Environmental Quality Review Act (ECL art 8), DEC issued a permit which authorized construction of the facility and operation for a 20-day period during which stack tests were to be conducted to determine emission rates.

Petitioner then applied to respondent town for a building permit, and respondent Town Building Inspector referred the matter to respondent Town Zoning Board of Appeals (hereinafter the Board) to determine whether the proposed facility was a permitted use under the zoning ordinance. A public hearing was held and the Board determined that petitioner's facility would constitute a new use of the property and that, therefore, the zoning ordinance required a use permit, not a building permit. The Board also determined that the proposed facility would not comply with the zoning ordinance for the following reasons: (1) the proposed incineration process would change petitioner's use of the property so that it would no longer qualify as a permitted nonnuisance industry, (2) an incinerator is not a permitted use in the commercial industrial zone, (3) the proposed facility could not meet the commercial industrial performance standards for smoke, odors and other forms of air pollution, and (4) the facility would violate a provision of the zoning ordinance which prohibits the storage, collection, retention or utilization of toxic waste products or toxic chemicals. Petitioner sought CPLR article 78 review of the Board's determination and Supreme Court dismissed the petition, resulting in this appeal.

■ For the reasons which follow, we are of the view that the first three grounds set forth by the Board are so interrelated that they cannot be viewed as separate or distinct, alternative grounds for the determination. First, however, we will consider the fourth ground. Petitioner concedes that some material entering the wire reclaimer furnace will contain "trace amounts" of polychlorinated biphenyl (hereinafter PCB) which is a concededly toxic chemical, but petitioner contends that the zoning ordinance provision which prohibits the storage, collection, retention or utilization of toxic chemicals has been preempted by the Federal Toxic Substances Control Act (15 USC § 2601 *et seq.*). The purpose of the Federal act was to "set in place a comprehensive, national scheme to protect humans

and the environment from the dangers of toxic substances" and it preempts certain State and local ordinances in order to effectuate a national regulatory scheme (*Rollins Envtl. Servs. v Parish of St. James,* 775 F2d 627, 632). Respondents rely upon an exception in the act's preemption provision (15 USC § 2617 [a] [2] [B]) which has been construed as permitting States to impose more stringent regulations on the disposal of toxic substances (*see, Potomac Elec. Power Co. v Sachs,* 639 F Supp 856, *revd on other grounds* 802 F2d 1527, *vacated sub nom. Potomac Elec. Power Co. v Curran,* 484 US 1022; *Warren County v State of N. Carolina,* 528 F Supp 276; *but see, SED, Inc. v City of Dayton,* 519 F Supp 979). The ordinance at issue refers to storage, collection, retention or utilization, not disposal; more importantly, it does not regulate the activity, but instead imposes an outright ban or prohibition, which the Federal act does not permit (*see, Warren County v State of N. Carolina, supra,* at 289). Accordingly, we agree with petitioner's preemption argument.

■ Returning to the first three grounds relied upon by the Board, it is undisputed that an incinerator is not listed as a permitted use in a commercial industrial zone and, therefore, is prohibited under the zoning ordinance. Nonnuisance industry is, however, listed as a permitted use and it is undisputed that petitioner's existing facility constitutes a nonnuisance industry. Thus, unless the proposed wire reclaimer furnace will alter petitioner's use so that it would no longer be a nonnuisance industry, the fact that the furnace can also be characterized as an incinerator is irrelevant.

Nonnuisance industry is defined by the zoning ordinance as: "Any industry which is not detrimental to the environment in which it is located by reason of the emission of smoke, noise, odor, dust, vibration or excessive light, beyond the limits of its lot, or by reason of generating excessive traffic with attendant hazards, and which does not include any outdoor processing of materials, or open accessory storage yard unless completely enclosed by a solid wall or fence not less than six (6) feet in height" (Zoning Ordinance of Town of Ghent, 1988, § 2 [B] [59]). The definition contains no standards concerning the amount and/or nature of any items such as smoke, odor or dust necessary to remove an industry from the nonnuisance category. A literal reading of the definition alone suggests, for example, that any amount of smoke, odor or dust would be sufficient, but the zoning ordinance also contains performance standards applicable to permitted uses in the commercial

industrial zone. The zoning ordinance lists standards for each of the elements referred to in the definition of nonnuisance industry, and we are of the view that the only rational construction of the zoning ordinance is one which requires that the provisions defining nonnuisance industry and setting performance standards for the commercial industrial zone be read together. Thus, if the industry meets the performance standards for the commercial industrial zone, it logically follows that the industry also meets the definition of nonnuisance industry, which is a permitted use in the commercial industrial zone.

Applying this analysis to the facility proposed by petitioner, it is readily apparent that the Board determination must be annulled. Included in the performance standards set forth in the zoning ordinance are the following:

"f. Smoke—No emission shall be permitted from any chimney or otherwise, of visible grey smoke of a shade equal to or darker than No. 2 on the Power's Micro-Ringlemann Chart * * *.

"g. Odors—No emission shall be permitted of odorous gases or other odorous matter in such quantities as to be readily detectable at the property line of the zone lot from which they are emitted without instruments.

"h. Other Forms of Air Pollution—No emission of fly ash, dust, fumes, vapors, gases and other forms of air pollution shall be permitted which can cause any damage to health, to animal, vegetation, or other forms of property, or which can cause any excessive soiling" (Zoning Ordinance of Town of Ghent, 1988, § 6 [C] [4]).

Although the Board concluded that the proposed wire reclaimer furnace would change petitioner's use of its property so that it would no longer qualify as a nonnuisance industry and that the proposed facility might not be able to meet certain of the performance standards, there are no factual findings to support these conclusions.

In these circumstances, the usual remedy is to remit the matter to the Board to make factual findings and delineate those findings which provide the basis for its decision (see, *Matter of Syracuse Aggregate Corp. v Weise*, 51 NY2d 278, 283-284). We note, however, that the evidence presented to the Board here was insufficient to permit a rational determination either way on the question of whether the proposed facility would be able to meet the performance standards contained in

the zoning ordinance. Petitioner chose to rely on the conditional permit issued by DEC and DEC's negative declaration, which found no adverse environmental impact from the operation of the proposed facility for a 20-day period during which stack tests would be performed. Other interested parties focused on the proposed handling of PCB-tainted materials and the harm to the environment that can be caused by PCB contamination. Noticeably absent, however, was any evidence of the amount and nature of the actual emissions that would be produced by the proposed facility, and no attempt was made to correlate those emissions to the performance standards prescribed by the zoning ordinance. Upon remittal, therefore, the Board must conduct further hearings at which petitioner and other interested parties can submit the necessary evidence to enable the Board to make a determination as to whether the proposed facility can meet the performance standards which, in turn, will provide the basis for determining whether the proposed facility will change petitioner's use of its property so that it will no longer qualify as a nonnuisance industry.

Petitioner also contends that the Board erred in concluding that the proposed wire reclaimer furnace was not an accessory use to petitioner's existing facility. We conclude, however, that this issue is entirely dependent upon the resolution of the question of whether the proposed facility will result in a change in the nature of petitioner's use so that it no longer qualifies as a nonnuisance industry.

MAHONEY, P. J., WEISS, MIKOLL and YESAWICH, JR., JJ., concur.

Judgment reversed, on the law, without costs, determination annulled and matter remitted to respondent Zoning Board of Appeals of the Town of Ghent for further proceedings not inconsistent with this court's decision.