■ ROGER PELLEGRINI, as Supervisor of the Town of Orangetown, Respondent, v ROCKLAND COMMUNITY ACTION COUNCIL, INC., Appellant.—Mikoll, J. P. Appeals (transferred to this Court by order of the Appellate Division, Second Department) from two orders of the Supreme Court (Meehan, J.), entered December 7, 1990 and September 10, 1991 in Rockland County, which granted and continued plaintiff's motion for a preliminary injunction.

Defendant is a not-for-profit corporation formed under the Not-For-Profit Corporation Law to, *inter alia,* "mobilize all available resources * * * to combat poverty in the County of Rockland". Its board of directors passed a resolution in May 1990 empowering defendant to apply to the Federal Department of Health and Human Services pursuant to 42 USC § 11411 (the McKinney Homeless Assistance Act) to obtain the use of a site (hereinafter the site) owned by the Army Corps of Engineers to house homeless single mothers and their children. The site, a former military base containing 36 single-family homes, is located in the hamlet of Tappan, Town of Orangetown, Rockland County. In August 1990 the Town enacted a resolution, dependent upon defendant's withdrawal of its application for the site, to provide affordable housing for certain of the Town's residents.

This action was commenced by plaintiff, as Town Supervisor, in November 1990. The complaint alleged that the Not-For-Profit Corporation Law and defendant's corporate charter preclude defendant from leasing the site and operating homes for the homeless and requested that, *inter alia,* a permanent injunction issue restraining defendant from "acquiring, operating, managing, subleasing or otherwise administering a

leasehold interest" in the site. Plaintiff also sought by order to show cause a preliminary injunction to restrain defendant from leasing the site or operating homes on it. In an order entered December 7, 1990, Supreme Court granted the preliminary injunction. Following a hearing on continuance of the preliminary injunction Supreme Court, by order entered September 10, 1991, directed that the preliminary injunction continue. In our view Supreme Court improperly granted plaintiff's motion for the preliminary injunction because plaintiff does not have standing to challenge defendant's actions. The orders should therefore be reversed and the motion for a preliminary injunction denied.

Initially, we note that although it appeared that Supreme Court held an evidentiary hearing on some of the substantive issues (see, *Tucker v Toia*, 54 AD2d 322, 327; *Swope v Melian*, 35 AD2d 981, 982), the court merely granted and continued a preliminary rather than a permanent injunction, and the appeal will thus be considered in that light.

Defendant's contention that plaintiff lacks standing to maintain this action against defendant has merit. A preliminary injunction may be granted pursuant to CPLR article 63 only if the party seeking such relief has demonstrated, *inter alia*, a likelihood of ultimate success on the merits (see, *Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862; *Kensington Ct. Assocs. v Gullo*, 180 AD2d 888, 889). As plaintiff has not demonstrated that he has standing to challenge defendant's actions, he has little likelihood of ultimate success on the merits.

The principle of preemption supports the conclusion that the Town is without standing. "[L]and owned or leased by the United States or any agency thereof for purposes authorized by Congress is immune from and supersedes state and local laws in contravention thereof" (4 Rathkopf, Law of Zoning and Planning § 53.10, at 53-67 [4th ed]; *see, Matter of TCI, Inc. v Town of Ghent*, 165 AD2d 307, 309-310, *lv denied* 78 NY2d 853; *Matter of Minars v Rose*, 123 AD2d 766, 767). Consequently, defendant is not subject to the Town's zoning regulations and it is premature to determine whether defendant's proposed actions may in fact violate any of the Town's building and/or health codes. Moreover, as plaintiff has not demonstrated that he is a member of defendant or a party to the proposed lease, he has no authority under the Not-For-Profit Corporation Law to challenge defendant's authority *(see,* N-PCL 203; *Matter of Board of Coop. Educ. Servs. v Gaynor*, 60 Misc 2d 316, 319, *affd* 33 AD2d 701, *lv denied* 26 NY2d 612). Additionally, plaintiff is not within the Not-For-Profit Corpo-

ration Law's zone of interest under the rule set forth in *Matter of Dairylea Coop. v Walkley* (38 NY2d 6), as the Not-For-Profit Corporation Law was enacted to protect defendant and its members, not plaintiff *(see,* N-PCL 112, 113; *see also, Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 772-774). Nor does Town Law § 65 confer such standing on plaintiff to protect its residents.

In view of plaintiff's lack of standing, we need not further discuss the parties' arguments addressed to the substantive issues.

Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and motion for a preliminary injunction denied.