■ PETER A. HARRIS, Appellant, v ERVIN F. LYKE et al., Respondents. [629 NYS2d 911] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court granted defendants' motion to dismiss the complaint on the ground that plaintiff lacks standing to bring a derivative action against defendants. Plaintiff contends that he has standing as a member and capital certificate holder of defendant White Haven Memorial Park, Inc. (White Haven) (*see*, Not-For-Profit Corporation Law § 623 [a]). He also contends that he has standing on public policy and equitable grounds. We affirm.

Pursuant to section 623 (a), "[a]n action may be brought in the right of a * * * corporation to procure a judgment in its favor by five percent or more of any class of members or by such percentage of the holders of capital certificates or of the owners of a beneficial interest in the capital certificates of such corporation." Section 601 (a) of the Not-For-Profit Corporation Law limits the members of a corporation to those "set forth in the certificate of incorporation or the by-laws." Plaintiff is not a member of White Haven as set forth in the corporation's certificate of incorporation nor does he otherwise come within the categories of members defined by the by-laws. Plaintiff further contends that he is a member because he has voting rights under White Haven's by-laws, which provide that any person

"qualified to vote pursuant to the Not For Profit Corporation Law" may vote at corporation meetings. The enumeration in White Haven's by-laws of "members" does not, however, include land share certificate holders, and thus, whether land share certificate holders have the right to vote is irrelevant to this issue.

We also reject the contention that plaintiff is a capital certificate holder within the meaning of Not-For-Profit Corporation Law § 623 (a). The definition of capital certificates does not include land share certificates (Not-For-Profit Corporation Law § 503). Land share certificates are defined by Not-For-Profit Corporation Law § 1511 (b), which places them in an entirely different category. Further, because land share certificates represent a debt, rather than equity, they are not the equivalent of capital certificates (*see, American Exch. Natl. Bank v Woodlawn Cemetery*, 194 NY 116, 124).

Plaintiff contends in addition that he should have standing on public policy grounds because, as a land share certificate holder, he has a strong interest in policing the management of White Haven. Land share certificate holders such as plaintiff have other available remedies for management delinquency. Plaintiff has already brought his allegations of corporate wrong-doing to the attention of the Monroe County District Attorney's office and the New York State Division of Cemeteries, each of which has conducted an independent investigation and decided not to pursue the matter. Additionally, the court has permitted plaintiff to commence a new action under a "contract theory."

Plaintiff further contends that, regardless of whether he has standing under the Not-For-Profit Corporation Law, he has standing in equity because of White Haven's fiduciary obligation to him. We disagree. Plaintiff's reliance upon *Tyndall v Pinelawn Cemetery* (198 NY 217) is misplaced. In Tyndall, the Court of Appeals held that land share certificate holders had standing to seek equitable relief against a cemetery that, in violation of the statute under which it was organized, had failed to pay the proceeds from the sales of lots to holders of the certificates. The Court upheld plaintiff's cause of action for an accounting, holding that "the certificate is a lien on the 'land purchase fund' and whether the defendant is trustee or agent it was handling the money of the plaintiff, and an accounting under the circumstances disclosed is a proper remedy" (*Tyndall v Pinelawn Cemetery, supra,* at 219-220). Here, however, plaintiff's action is derivative. Further, there is nothing in the record to establish a relationship, either statutory or

contractual, that would make White Haven a trustee or agent for plaintiff.

Lastly, we reject the contention that White Haven owes plaintiff a fiduciary duty because the land share agreement between White Haven Development Corporation, from which plaintiff obtained his land share certificates, and White Haven provided that proceeds from the sale of cemetery lots would be placed by White Haven into a land purchase fund for distribution to the land share certificate holders. The creation of a land purchase fund does not create a fiduciary relationship. It is not a trust fund nor does it obligate White Haven to manage the proceeds from the sale of cemetery lots on behalf of the certificate holders. It is merely an account in which the proceeds from the sale of those lots are placed until such time as the contractually determined payments for such sales are disbursed to the land share certificate holders. White Haven "acts merely as the collector and disburser of the land purchase funds" (*Tyndall v Pinelawn Cemetery, supra*, at 219; *see, Thacher v Hope Cemetery Assn.*, 126 NY 507, 510-511). (Appeal from Judgment of Supreme Court, Monroe County, Siragusa, J.—Dismiss Complaint.) Present—Pine, J. P., Fallon, Doerr, Balio and Boehm, JJ.