■ KEMP'S BUS SERVICE, INC., Respondent, v LIVINGSTON-WYOMING CHAPTER OF NYSARC, INC., Appellant. [701 NYS2d 575] —Order insofar as appealed from unanimously reversed on the law with costs, motion granted and complaint dismissed. Memorandum: Supreme Court should have granted defendant's motion for summary judgment in its entirety and dismissed the complaint. The court dismissed the first cause of action based on plaintiff's stipulation. In the second cause of action, plaintiff sought a permanent injunction enjoining defendant from engaging in commercial transportation services beyond its certificate of incorporation on the ground that such services were ultra vires. Plaintiff alleged that defendant was not legally authorized to enter into contracts for such services because they did not directly or indirectly advance its charitable or corporate purposes. Defendant contended that it was entitled to summary judgment dismissing that cause of action on the ground that plaintiff did not have standing to challenge its actions as ultra vires. Plaintiff cross-moved for summary judgment. In a reply affirmation, plaintiff's counsel asserted that defendant's motion should be denied "because issues of fact exist as to whether the defendant's transportation activities have resulted in pecuniary profit or financial gain in violation of § 204 of the Not-For-Profit Corporation Law [N-PCL]." The court concluded that plaintiff did not have standing to challenge defendant's conduct as ultra vires under N-PCL 203, and defendant has not challenged on appeal that part of the court's decision. The

court refused, however, to dismiss that cause of action, concluding that there is an issue whether defendant violated N-PCL 204. That was error.

N-PCL 204 provides: "Notwithstanding any other provision of this chapter or any other general law, a corporation of any type or kind to which this chapter applies shall conduct no activities for pecuniary profit or financial gain, whether or not in furtherance of its corporate purposes, except to the extent that such activity supports its other lawful activities then being conducted." That section does not prohibit a not-for-profit corporation from engaging in activities for pecuniary profit or financial gain that are not in furtherance of its corporate purposes; rather, it prohibits the corporation from using the profit or gain from such activities for purposes other than to support its other lawful activities (*see*, Explanatory Mem No. 1 on Not-for-Profit Corporation Law, Joint Legis Comm to Study Rev of Corp Laws, art 2, reprinted in McKinney's Cons Laws of NY, Book 37, at xv-xvi). Here, plaintiff seeks to prohibit defendant from engaging in activities for pecuniary profit on the ground that those activities do not further its corporate purposes, but that conduct does not violate section 204. Moreover, there is no evidence in the record that defendant used profits gained from its pecuniary activities for purposes other than to support its lawful operations. Therefore, the second cause of action should have been dismissed.

In any event, plaintiff lacks standing to assert a cause of action based on defendant's alleged violation of N-PCL 204. "[A]s plaintiff has not demonstrated that [it] is a member of defendant or a party to the proposed lease, [it] has no authority under the Not-For-Profit Corporation Law to challenge defendant's authority (*see*, N-PCL 203; *Matter of Board of Coop. Educ. Servs. v Gaynor*, 60 Misc 2d 316, 319, *affd* 33 AD2d 701, *lv denied* 26 NY2d 612). Additionally, plaintiff is not within the Not-For-Profit Corporation Law's zone of interest under the rule set forth in *Matter of Dairylea Coop. v Walkley* (38 NY2d 6), as the Not-For-Profit Corporation Law was enacted to protect defendant and its members, not plaintiff (*see*, N-PCL 112, 113; *see also, Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-774)" (*Pellegrini v Rockland Community Action Council*, 190 AD2d 881, 882-883).

Consequently, we reverse the order insofar as appealed from, grant defendant's motion in its entirety and dismiss the complaint. (Appeal from Order of Supreme Court, Livingston County, Cicoria, J.—Summary Judgment.) Present—Green, J. P., Lawton, Pigott, Jr., Hurlbutt and Callahan, JJ.