■ BRENDA BOODRAM et al., Appellants, v NYU DOWNTOWN HOSPITAL et al., Respondents. [737 NYS2d 277] —Judgment, Supreme Court, New York County (Paula Omansky, J.), entered July 24, 2001, dismissing the complaint upon the parties' respective motions for, inter alia, summary judgment, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered on or about June 4, 2001, July 31, 2001 and October 31, 2000, respectively, unanimously dismissed, without costs, as subsumed within the appeal from the judgment.

No genuine issues of fact exist as to either defendant hospital's ownership of the subject housing accommodations through the former Mitchell Lama holding company that holds title to the accommodations, or defendant's operation of the accommodations through the holding company's board of directors, which is composed entirely of defendant's officers and directors. Accordingly, the accommodations are exempt from rent stabilization under section 5 (a) (6) of the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, § 4, as amended [McKinney's Uncons Laws of NY § 8625 (a) (6)]). Furthermore, assuming in plaintiffs' favor that section 8625 (a) (6) exempts only accommodations that are both operated by a hospital and run on a nonprofit basis, plaintiffs fail to adduce any evidence that the accommodations are not run on a nonprofit basis, as the holding company's filings indicate. It makes no difference

that the accommodations generate a profit for defendant (N-PCL 204; *see*, *Kemp's Bus Serv. v Livingston-Wyoming Ch. of NYSARC*, 267 AD2d 1085, 1086), and no evidence is adduced to support plaintiffs' bare speculation that profits are being used for the personal use of defendant's directors and officers. Plaintiffs' remaining arguments are also without merit. Concur—Tom, J.P., Sullivan, Rosenberger, Wallach and Buckley, JJ.