■ HERBERT ALTMAN et al., Appellants, v NEW YORK BOARD OF TRADE, INC., Respondent, et al., Defendant. [860 NYS2d 94]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered April 6, 2007, which, insofar as appealed from as limited by the briefs, granted defendant New York Board of Trade, Inc.'s motion to dismiss the first through fifth and eighth through thirteenth causes of action, and denied plaintiffs' application for leave to amend the complaint, unanimously affirmed, with costs.

Plaintiffs, holders of trading permits on the Board of Trade of the City of New York (NYBOT), brought this action to block a proposed merger between the NYBOT, organized under the New York Not-For-Profit Corporation Law, and the InterContinental Exchange, Inc., a Delaware for-profit corporation. Plaintiffs allege that defendants' actions in connection with the proposed merger would deprive them of their rights as members of the NYBOT to vote on the proposed merger and share in the proceeds of the merger, and ultimately strip them of their right to trade on the NYBOT in the "open outcry" format. The merger closed in January 2007.

Plaintiffs' causes of action for breach of contract (eighth through eleventh) were properly dismissed pursuant to CPLR 3211 (a) (1). The only written document governing plaintiffs' rights and obligations as permit holders is the NYBOT By-Laws, which expressly state in section 101 (b) that "Permit Holders . . . shall not constitute 'members' within the meaning of the N[-]PCL and . . . will not have any voting rights in the Exchange or any rights to receive any distributions of cash, securities or other property, whether on dissolution, liquidation, merger, consolidation or otherwise." Likewise, plaintiffs cannot expand the scope of their rights on the basis of a course of conduct. Any such course of conduct plaintiffs allege contradicts the plain language of the NYBOT By-Laws, which make clear that permit holders do not have the right to vote on a proposed merger or share in merger proceeds (*see Julien J. Studley, Inc. v New York News*, 70 NY2d 628, 629-630 [1987]).

Plaintiffs' claims asserted under the N-PCL (first through fifth and twelfth) are also not viable since the N-PCL expressly

delegates to the NYBOT the right to designate who is a "member" in its certificate of incorporation or bylaws (*see* N-PCL 102 [a] [9]; 601). The NYBOT's By-Laws clearly provide that only equity members are to be deemed "members" for purposes of the N-PCL, and that permit holders "shall not have any of the rights or privileges of 'members' under the N[-]PCL." Because plaintiffs are not "members" within the meaning of the N-PCL, the merger did not proceed in violation of their rights under this statute (*see Harris v Lyke*, 217 AD2d 982 [1995], *lv denied* 87 NY2d 801 [1995]; *see also Kemp's Bus Serv. v Livingston-Wyoming Ch. of NYSARC*, 267 AD2d 1085, 1086 [1999]; *Pellegrini v Rockland Community Action Council*, 190 AD2d 881, 882-883 [1993]). For the same reason, the NYBOT's Board of Governors owe no fiduciary duty to plaintiffs under the N-PCL.

Plaintiffs' fraud cause of action (thirteenth) is duplicative of their breach of contract claims (*see Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 305 [2003]).

Furthermore, the motion court appropriately rejected plaintiffs' request to amend the complaint inasmuch as it is apparent that any proposed amendment would be futile in light of the evidence (*see Norte & Co. v New York & Harlem R.R. Co.*, 222 AD2d 357, 358 [1995], *lv denied* 88 NY2d 811 [1996]).

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Lippman, P.J., Tom, Gonzalez, Buckley and Catterson, JJ. [*See* 2007 NY Slip Op 30576(U).]