In the Matter of the BOARD OF EDUCATION OF THE CITY OF BUFFALO, Respondent, v. CITY OF BUFFALO et al., Appellants.

Fourth Department, May 15, 1969.

*Johnson & Bayger* and *Frank R. Bayger* (*John B. Corcoran* of counsel), for appellants.

*McDonough, Boasberg, McDonough & Beltz* (*Charles J. McDonough* of counsel), for respondent.

*George I. Wallach* for New York Civil Liberties Union, *amicus curiæ.*

GABRIELLI, J. This is an appeal from a judgment of the Supreme Court at Special Term (KRONENBERG, J.) entered in Erie County, September 8, 1968 which denied an application to dismiss an article 78 proceeding, and which further (1) declared unconstitutional an amendment to the Buffalo City Ordinances, (2) directed the issuance of building permits, and (3) restrained defendants from enforcing the amendment to the ordinance.

In order to implement a State-ordered plan to reduce racial imbalance the Board of Education of the City of Buffalo proceeded to lease and install 18 relocatable classrooms at elementary schools on the periphery of the city which were designed to accommodate some 450 additional elementary students. Admittedly satisfactory plans and proper applications for the erection and locating of these classrooms were filed with the city's Director of Buildings. Shortly thereafter an amendment to section 201 of chapter XII of the Buffalo City Ordinances (Building Code) was adopted by the Common Council, which had the effect of proscribing the action of the Board of Education in erecting these classrooms and, in pertinent part, provided that: "when there presently exists on any site a building or buildings used and occupied for school classrooms or other school purposes, no additional buildings or structures shall be erected or placed on said site unless the additional building or structure is of the same type of construction as the main building located thereon." It is of interest to note

that the action of the Council came as the result of a resolution overriding the veto of the Mayor which was predicated on his belief of the amendment's unconstitutionality. The applications to erect the classrooms were denied with an explanation that while they were acceptable, the action was taken because of the adoption of the amendment to the ordinances on the day prior to the denial.

While we agree with the result reached by Special Term that the city lacked the authority to prohibit the intended action of the Board of Education, we do so for entirely different reasons. The basic issue, upon the facts presented by this appeal, is not whether the amendment was constitutionally valid, but rather, whether the city had the power to enact the amendment directed to the building or erection of any school structures. We conclude that the city lacked basic authority to exercise any such control as here intended.

Of certainty, the city possesses the general power to adopt ordinances regulating the construction of buildings so long as any such regulation bears a reasonable relationship to public health, safety and the general welfare (*Nebbia* v. *New York,* 291 U. S. 502), but the exercise of the police power to locally legislate such enactments is limited by constitutional provisions and the general laws of the State. (General City Law, § 20.) Of compelling concern to a determination of these rights and limitations are those provisions of the Constitution (art. XI, § 1) and the Education Law (§§ 408 and 2556) which unqualifiedly have reserved to the State the power over the construction of school buildings and, by these latter two sections, the power and authority have been delegated to and are reposed in the Board of Education. Since the State has reserved unto itself the control over and the authority to regulate *all* school matters and, further, since the State has surrendered to school districts a portion of its (the State's) sovereign power and delegated to the districts some of these responsibilities imposed by the Constitution, including the selection of building sites and erection of buildings thereon pursuant to sections 401, 407, and 408 of the Education Law, it follows that a school district should be and is immune from the attempted regulation of these rights and responsibilities by means of building codes or zoning ordinances. (*Herman* v. *Board of Educ.,* 234 N. Y. 196; *County of Westchester* v. *Village of Mamaroneck,* 22 A D 2d 143.) It may be quite unnecessary to point out that the selection of school sites and the erection of safe and functional buildings are rigidly controlled by well accepted safety standards mandated by the State. (Education Law, § 408.)

In the very nature of things, local governmental units, including school districts, in the performance of their purely governmental duties and activities, should not be subject to building code regulations or such other regulatory restrictions as zoning ordinances. (See *Nehrbas* v. *Incorporated Vil. of Lloyd Harbor,* 2 N Y 2d 190, mot. for rearg. den. 2 N Y 2d 937.) Authority for this theory, based in sound logic, is found in *County of Westchester* v. *Village of Mamaroneck* (22 A D 2d 143, *supra*), where it was held that a local governmental unit is free from the restriction of building codes and zoning ordinances, and wherein the court cited with approval (pp. 146–147) certain opinions of the Comptroller that " school construction is exempt from municipal building codes and ordinances; that school districts need not obtain building permits from the municipalities in which the schools are to be built; and that school construction jobs are not subject to inspection by municipal building inspectors (16 Op. St. Comp., 1960, p. 384; 6 Op. St. Comp., 1950, p. 376)." (See, also, *Town of Poughkeepsie* v. *Hopper Plumbing & Heating Corp.,* 46 Misc 2d 761, affd. 26 A D 2d 772; *Union Free School Dist. No. 14* v. *Village of Hewlett Bay Park,* 279 App. Div. 618, mot. for lv. to app. den. 279 App. Div. 746.)

The power of the city to regulate the erection of all buildings in the city under its Charter (art. 3, § 33, subd. [13]) cannot overcome or survive the broad and exclusive grant to the State of authority to regulate *all* school matters as spelled out in the Constitution and, in turn, delegated by the Legislature to boards of education.

We find without merit the argument made by appellants to the question regarding service of an answer. (See CPLR 409, subd. [b]; *Matter of Port of N. Y. Auth.* [*62 Cortlandt St. Realty Co.*], 18 N Y 2d 250.)

The judgment should be affirmed, without costs.

GOLDMAN, P. J., WITMER, MOULE and BASTOW, JJ., concur.

Judgment unanimously affirmed without costs.