Edward R. Purser, Esq. County Attorney, Cortland
You ask whether the chief fiscal officer of a county may impose a fee for issuing a certificate of residency under Education Law, §6305(3).
Education Law, § 6305(3) imposes a duty on the chief fiscal officer of each county, as defined in Local Finance Law, § 2.00, upon application and submission to him of satisfactory proof, to issue to any person desiring to enroll in a community college in another county as a non-resident student, a certificate of residence showing that such person is a resident of the former county. No provision is made in section 6305(3) for the imposition of a fee. The county issuing a certificate of residency may be required to pay an allocable portion of the operating and capital costs of the community college attributable to non-resident students attending the college, if the college so elects (Education Law, § 6305[2], [4]).
Public Officers Law, § 67(1) provides:
 "1. Each public officer upon whom a duty is expressly imposed by law, must execute the same without fee or reward, except where a fee or other compensation therefor is expressly allowed by law."
The term "public officer" is defined, in the context of local rather than state offices, as "every officer of a political subdivision or municipal corporation of the state" (Public Officers Law, § 2). The chief fiscal officer of a county clearly is a public officer within this definition (ibid.; Local Finance Law, § 2.00[5]; County Law, §§400, 575) and, therefore, is subject to the prohibition of Public Officers Law, § 67(1) against the charging of a fee. Since neither Education Law, § 6305(3) nor, to our knowledge, any other statute authorizes the imposition of a fee for the issuance of a certificate of residence, we believe that the chief fiscal officer may not exact such a fee upon his performance of that duty (Education Law, § 6305[3]; Public Officers Law, § 67[1]). Education Law, § 6305(3) evidences a legislative intent that counties issuing certificates of residence bear a proportionate share of all costs attributable to non-resident students, including the expense of issuing certificates (Education Law, § 6305[2], [3], [4], [5]).
Nor do we think that a county may authorize a fee by adopting a local law under its home-rule power superseding Education Law, § 6305(3). While counties do have the power to adopt local laws relating to the "fixing, levy, collection and administration of local governmental * * * fees" (Municipal Home Rule Law, § 10[1][ii][a][9-a]), that power does not extend to regulating in the area of education, which is a matter of State concern (NY Const, Art IX, § 3[a][1], Art XI, § 1; Municipal Home Rule Law, §§ 11[1][c], 34[3][b]; Board of Education vCity of New York, 41 N.Y.2d 535 [1977]; Board of Education v City ofBuffalo, 32 A.D.2d 98 [4th Dept, 1969]). Education Law, §6305(3), which pertains to the admission of non-resident and out-of-state students to community colleges and is found in Article 126 of the Education Law, entitled "Community Collges and State-Aided Four-Year Colleges", clearly relates to education. A review of Article 126 indicates that the State has reserved to itself plenary power over community colleges and the admission of non-resident students to those educational institutions. (See, Education Law, §§ 6302[1][a],6303[1][c], 6304[1], 6305[1].) For example, Education Law, §6305(1) provides:
 "* * * each community college shall, within the quota and under the conditions prescribed by the state university trustees, admit non-resident students * * *." (Emphasis provided.)
The issuance of a certificate of residence is an integral part of this admissions process. This is borne out by the fact that a determination of a chief fiscal officer refusing to issue a certificate is subject to final, appellate review by the chancellor of the state university (id.,
§ 6305[3]).
We think that a local law superseding Education Law, § 6305(3) by authorizing the imposition of a fee impermissibly encroaches upon the State's authority over education and the admission of non-resident students to community colleges and is, therefore, outside the scope of a county's home-rule power (see, N Y Const, Arts IX and XI, supra;
Municipal Home Rule Law, §§ 11, 34, supra; Board of Education v Cityof New York, supra; Board of Education v City of Buffalo, supra).
We conclude that the chief fiscal officer of a county may not charge a fee for the issuance of a certificate of residence under Education Law, § 6305(3), nor may a county by local law authorize the imposition of such a fee.