Mark H. Dadd, Esq. Village Attorney, Alexander
You informed us that buildings of the Alexander Central School District located in your village have a septic system that complies with State Health Department standards. The village plans to construct a sewer system and desires to include school district property in the project and assess a part of the cost of the system against the district. The school district does not wish to be included in the village sewer system.
In constructing a sewer system a village may include in the system any existing sewage or private on-site-waste-water disposal system in the village, which upon examination of the village engineer is found feasible and proper to incorporate in the system (Village Law, §14-1400). Additionally, a village may require that property owners connect to a village sewer system (id., § 14-1438). The question remains whether these provisions apply to school district property.
Under the Education Law, no schoolhouse may be erected, purchased, repaired, enlarged or remodeled in any school district at an expense exceeding $100,000 until the plans and specifications for the building have been approved by the Commissioner of Education (Education Law, § 408[1]); ibid.). In school districts in a city having a population of at least 70,000 people, the Commissioner may waive the requirement for submission of plans and specifications and substitute a requirement that an outline of plans and specifications be submitted for his review. In his discretion, the Commissioner may review plans and specifications for projects estimated at an expense of less than $100,000 (ibid.). Special rules apply to the City of New York (ibid.). The Commissioner of Education may not approve such plans and specifications unless they provide for adequate sanitation to maintain healthy and safe conditions (id., § 408[2]). These provisions of the Education Law have reserved to the State the power over the construction of school buildings (Mtr. of Bd. of Educ. v City of Buffalo, 32 A.D.2d 98 [4th Dept, 1969]; see, also, Mtr. of Jewish Bd. of Family and Children'sServices Inc. v Zoning Bd. of Appeals of the Town of Mount Pleasant,79 A.D.2d 657 [2d Dept, 1980]). This power has been delegated to local Boards of Education subject to regulation by the Commissioner of Education (ibid.). In citing section 408 of the Education Law, the Appellate Division stated that "the selection of school sites and the erection of safe and functional buildings are rigidly controlled by well accepted safety standards mandated by the State" (id., 100). As was mentioned above, one of the considerations in reviewing plans and specifications is to ensure adequate sanitation facilities (id., § 408[2]). It follows that a school district is immune from local regulations in those areas controlled by the State (Mtr. of Bd. of Educ.v City of Buffalo, supra).
We conclude that a village may not require that a school district connect to its sewage treatment project.