Mariane Stecich, Esq. Informal Opinion Village Attorney No. 96-46 Village of Hastings-on-Hudson 14 North Broadway Tarrytown, N Y 10591
Dear Ms. Stecich:
You have asked whether subdivision regulations enacted by the Village of Hastings-on-Hudson apply to the division and sale by the Hastings-on-Hudson School District of undeveloped property that lies entirely within the Village and is not needed for school purposes.
Village Law §§ 7-728, et seq.authorizes villages to empower planning boards to review and approve proposed subdivisions. The Legislature put in place this process "for the purpose of providing for the future growth and development of the village" and protecting the comfort, convenience, safety, health and welfare of its population. Id., § 7-728(1). The subdivision review process provides for implementation of the State Environmental Quality Review Act. Id., § 7-728(5) — (13). Also, subdivision review assures that proposed streets are adequate to accommodate prospective traffic, facilitate fire protection, provide access to emergency equipment and afford adequate light and air. The adequacy of water mains, sanitary sewers, street lighting and other factors affecting community health and welfare also are considered in the subdivision review process. Id., § 7-730.
The Legislature also has authorized school districts to sell unused property and prescribed limitations upon the use of the proceeds. Education Law §§ 402, et seq., 1804(6). These statutes do not expressly exempt such sales from compliance with local zoning and planning regulations.
The Court of Appeals has established a test for determining whether proposed activity by one political subdivision is subject to the zoning ordinances of another. In Matter of County of Monroe v. City ofRochester, 72 N.Y.2d 338 (1988), the Court rejected the former test for determining the application of local zoning regulations to activity by political subdivisions. Under the former test, such entities were not subject to local regulations when they were performing "governmental" functions and were subject to local regulations when they were performing "proprietary" functions. In County of Monroe, the Court recognized that this distinction was outmoded and difficult to apply and replaced it with a "balancing of public interests" test.
Under the new test, the encroaching governmental unit is subject to the zoning requirements of the host entity in the first instance in the absence of an expression of contrary legislative intent. If the Legislature has not exempted the governmental unit, a variety of factors are to be weighed in making a determination,
 none of which are controlling, although "one factor . . . could be more influential than another or may be so significant as to completely overshadow all others". County of Monroe, supra, 72 N.Y.2d at 343.
Among the factors to be weighed are the nature and scope of the instrumentality seeking immunity, its legislative grant of authority, the kind of function or land use involved, alternative methods of providing the needed improvement, the extent of the public interest to be served thereby, the effect local land use regulation would have upon the enterprise, the impact of the improvement upon legitimate local interests and the availability of alternate locations. County of Monroe, supra,72 N.Y.2d at 342.
We conclude that the school district's sale of unneeded, undeveloped property is subject to the village's subdivision regulations under the balancing test established in County of Monroe. The absence of language in the Education Law exempting sales of excess property from local regulation is telling. We also note that the sale would not involve continued use or operation of the subject property by a public entity. The public interest would be served by application of the local regulations, which implement the State's concern with the community's health and welfare, to a sale of public property to private parties. Without subdivision regulation, a private subdivision could be established in the village that may not provide adequate infrastructure, access for emergency vehicles and other elements to protect the health and welfare. Moreover, it does not appear that compliance with the local regulations would in any way hamper the school district's public functions — the property can be sold subject to subdivision regulation.
We note that your inquiry presents facts that are distinguishable from cases in which courts have held, using the now superseded governmental/proprietary function test, that local zoning laws may not prohibit construction of a school building or structure in a location selected by the district. See, e.g., Board of Education of City ofBuffalo v. City of Buffalo, 32 A.D.2d 98 (4th Dept 1969).
We conclude that subdivision regulations enacted by the Village of Hastings-on-Hudson apply to subdivision and sale by the Hastings-on-Hudson School District of undeveloped property that lies entirely within the village and is not needed for school district purposes.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY, Assistant Attorney General