Gerald S. Jacobs, Esq. Informal Opinion No. 99-20 Town Attorney Town of Eastchester 40 Mill Road Eastchester, N Y 10709
Dear Mr. Jacobs:
You have asked whether a school district within the Town is subject to the Town's noise ordinance. Among other things, your ordinance prohibits
 [t]he erection, including excavating, demolition, alteration or repair of any building other than between 8:00 a.m. and 5:30 p.m. on weekdays; except in case of urgent necessity in the interest of public safety, and then only with a permit from the Building Department, which permit may be renewed for a period of three (3) days or less while the emergency continues. Local Law No. 3 of 1979, Article I(G).
Your ordinance further provides that
 [a]ny person or persons, association or corporation committing an offense in violation of this local law, or any section or provision thereof, is guilty of a violation punishable by a fine not exceeding two hundred fifty ($250) dollars or imprisonment for a period not exceeding fifteen (15) days for each such offense, or by both such fine and imprisonment. Id., Article III, § 1.
You have informed us that the school district's contractor performed construction work to repair a school building roof after 5:30 p.m. You were advised that the work continued until between 2:00 and 3:00 a.m. Your request states that when school district management personnel were contacted about this repair work, they asserted that the district is not subject to the Town noise ordinance. You acknowledge that the school district is not subject to local zoning regulations or building codes and ask whether the rationale supporting that immunity also limits the Town's exercise of its police power to regulate noise.
In several prior opinions, we have concluded that the provisions of the Education Law leave localities without authority to regulate school construction. Op Atty Gen (Inf) Nos. 99-5, 98-1, 83-34. In those opinions we reasoned that the Education Law reserves to the State power over school buildings and that the State's power has been delegated to local school boards subject to regulation by the Commissioner of Education. We relied on Matter of Board of Education v. City of Buffalo, 32 A.D.2d 98,100 (4th Dept 1969), where the court held that the City had no authority to exercise control over school construction through its building code. It stated:
 Of certainty, the City possesses the general power to adopt ordinances regulating the construction of buildings so long as any such regulation bears a reasonable relationship to public health, safety and the general welfare . . ., but the exercise of the police power to locally legislate such enactments is limited by constitutional provisions and the general laws of the State. . . . Of compelling concern to a determination of these rights and limitations are those provisions of the Constitution . . . and the Education Law . . . which unqualifiedly have reserved to the State the power over the construction of school buildings and, . . . the power and authority have been delegated to and are reposed in the Board of Education. Since the State has reserved unto itself the control over and the authority to regulate all school matters and, further, since the State has surrendered to school districts a portion of its (the State's) sovereign power and delegated to the districts some of these responsibilities imposed by the Constitution, including the selection of building sites and erection of buildings thereon pursuant to sections 401, 407, and 408 of the Education Law, it follows that a school district should be and is immune from the attempted regulations of these rights and responsibilities by means of [local government] building codes. . . . Matter of Board of Education v. City of Buffalo, 32 A.D.2d at 100 (citations omitted).
The Commissioner of Education has promulgated regulations governing school construction, which are published in 8 NYCRR part 155. Among other things, the regulations authorize the Commissioner to issue building permits for school construction projects following his approval of the plans and specifications and compliance with various other conditions. 8 NYCRR § 155.2(a).
Your ordinance would require the school district to obtain a permit from the Town for construction work to be performed after 5:30 p.m. or on weekends. In our view, the Town is not authorized to regulate school construction in this way. As set forth above, the Education Law reserves to the State power over construction of school buildings. The Commissioner of Education and local school boards must ensure that construction does not jeopardize the learning environment and the safety of students and staff. 8 NYCRR §§ 155.1(b), 155.2(a)(1). To achieve these ends it may be necessary to limit when school construction work may be performed. The Commissioner of Education has drafted proposed regulations governing construction safety that include measures addressing permissible noise levels. A copy of the proposed regulations is enclosed.
Our conclusion that the school district is not subject to local regulations that would control school construction does not mean that there can be no local exercise of police power with regard to school districts. In prior opinions, we have concluded that particular local laws based on a municipality's police power are enforceable on school district property. 1979 Op Atty Gen (Inf) 160; 1978 Op Atty Gen (Inf) 137.
We conclude that the school district is not subject to the provisions of the Town noise ordinance that require application for a building permit to carry on construction after 5:30 p.m. and on weekends.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY, Assistant Attorney General